**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| IN RE: | ) | |
| LINSEY LOUISE PROLLOCK, | ) | Case No. 26-11272-T |
| Debtor. | ) | Chapter 7 |
| ______________________________________ | ) | |
| IAN'S ENTERPRISE, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Adv. Pro. ____________ |
| | ) | |
| LINSEY LOUISE PROLLOCK, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

COMES NOW, Plaintiff Ian's Enterprise LLC, by and through its attorney Amanda R. Blackwood of Blackwood Law Firm PLLC, for its Complaint against Defendant / Debtor, Linsey Louise Prollock, alleges and states as follows:

1. Plaintiff is an Oklahoma limited liability company doing business in Oklahoma County, Oklahoma. Plaintiff is registered to do business in the State of Oklahoma.
2. Defendant resides in the City of Bixby, Tulsa County, Oklahoma.
3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).
4. Venue is proper in this District pursuant to 28 U.S.C. § 1409.
5. This Complaint is timely filed before the deadline to object to dischargeability of debts under 11 U.S.C. § 523(c)(1) and F.R.B.P. 4007(c).

6. Pursuant to F.R.B.P. 7008, Plaintiff consents to the entry of final orders or judgment by the Court on any issue in this adversary proceeding**.**
7. On April 16, 2016, Defendant called Lessor's representative to inquire about the house listed for rent on Magnolia Lane.
8. During said April 16, 2016 call, Defendant also represented to Lessor stating, "… we're actually in a house right now, but I need to sell it. … it shouldn't be a problem to sell the house that we're in … we've already got someone interested in buying the house. We just told them we didn't have anywhere to go yet. …"
9. Based on a 2026 CoreLogic Property Listing History Report obtained by Plaintiff, Defendant and Aaron's pre-application residence on Hampton Drive was not listed or sold by Defendant until many years later in December 2022.
10. Lessor reasonably and justifiably relied upon on Defendant's verbal representations (individually and jointly for Aaron), pertaining to their need and intent to sell the house and having an interested buyer, in approving the tenancy and entering the Lease and later Notes.
11. Had Defendant (individually and jointly for Aaron) been truthful in their representations, Lessor would have declined their applications and avoided the resulting financial losses.
12. Had Lessor been aware that Defendant or Aaron made any false representations, Lessor would have declined their applications and avoided the resulting financial losses.
13. In April 2016, Defendant and her then-spouse, Aaron Prollock, signed rental applications and a residential Lease with Lynn & Co. Property Management, LLC ("Lessor") for a house located at 1408 Magnolia Ln, Midwest City, Oklahoma 73110 ("Premises"), with a monthly rental rate of $1,264, no security deposit and a term of April 19, 2016 thru April 30, 2018.
14. The applications were signed under penalty of perjury as true and correct.

15. In her April 2016 application, Defendant represented as follows:

    a. "Residence Address" as "1800 Hampton Drive Del City, OK 73115"

    b. "Dates of Residence" as "2/13/2013 to 4/18/2016"

    c. "Monthly Rent / Mortgage Payment" as "496"

    d. "Past due or under threat of eviction?" as "No"

    e. "If yes, explain all past due and eviction issues." as "Na"

    f. "Address Type? (Rented, Owned, or Other)" as "owned"

    g. "Property Address or Area Applying For" as "1408 Magnolia Lane Midwest City Ok 73110"

    h. "Desired Lease Duration (3 to 48 months)" as "48 months or more"

    i. Linsey: "Max Rent" as "1200" and Aaron: "Desired Rent" as "1199"

    j. "Cash, Account, Other Income, or Asset?" as "Account"

    k. Linsey: "Approximate Value" as "600.00" and Aaron: "$743.00"

16. Aaron Prollock's application closely mirrored these same representations.

17. Defendant and Aaron executed a mortgage loan modification with U.S. Bank, filed on November 18, 2015 with the Oklahoma County Clerk for their then-current residence at 1800 Hampton Dr ("Modification").

18. According to said Modification, the capitalized interest sum thereon indicates the mortgage had been over six (6) months past due just months prior to applying with Lessor.

19. Defendant and Aaron failed to disclose said Modification or the serious delinquency when applying with Lessor or at anytime prior to the Notes. Lessor was likewise unaware of said Modification when the parties signed the Lease and later Notes.

20. On April 19, 2016, as part of their applications, Defendant and Aaron authorized Instant Bank Verifications ("IBVs") which returned 88 days of transaction history and within, US BANK HOME MGT appears as follows:
    a. $492.10 on April 5, 2016,
    b. $503.10 on March 7, 2016, and
    c. $492.10 + $3.50 on February 10, 2016.
21. Said IBVs (and Modification) indicate the Defendant had been past due in February and March 2016 with U.S. Bank as well as just before applying with Lessor in April 2016.
22. Defendant and Aaron's omissions regarding their mortgage Modification and the past due payments leading up to their applications, given the large increase from a $492 mortgage to the $1,264 rent, are material and indicate fraudulent intent to induce Lessor to approve.
23. Lessor relied on Defendant's sworn representations in approving the tenancy and entering into the Lease and later Notes.
24. Had Defendant and Aaron been truthful in their applications, Lessor would have declined their applications and avoided the resulting financial losses.
25. On January 25, 2017, Defendant filed for divorce in Oklahoma County District Court under case FD-2017-222 against Aaron but they proceeded without notifying Lessor.
26. On or about June 3, 2017, Lessor was notified by phone with Aaron that Defendant was planning to move from the Premises and out-of-town. During this call, Lessor also learned that Aaron had separated and moved sometime prior but had continued paying rent.
27. On June 5, 2017, Defendant emailed Lessor stating, "I notifying you of my intention to vacate by June 30th. I do not have a forwarding address as of now, will let you know of a address as I get one. Thank you."

28. On June 21, 2017, Defendant and Aaron and Lessor executed a Promissory Note in the original principal amount of $4,024 payable at $100 beginning July 1, 2017 and monthly thereafter until paid in full, and upon default, provides for contractual interest at the rate of 10% per annum from June 30, 2017 until paid.

29. On June 26, 2017, Defendant called Lessor's representative and requested 'an eviction notice to show hardship' to 'get some money out of my 401k'. Lessor obliged so far as to provide a truthful hardship letter dated June 27, 2017 to Defendant stating "… due to financial hardship and an impending and contentious divorce, Linsey Prollock and her children are forced to terminate this lease early and relocate. …"

30. On June 28, 2017, Defendant called Lessor, briefly merged her 401k representative, and requested Lessor modify the hardship letter to include an amount owed. Lessor obliged so far as to provide a truthful hardship letter dated June 28, 2017 to Defendant which added "Our records indicate the current balance owed on this tenancy is $4,024." Defendant also represented to Lessor, "… I do wanna get your debt paid off as well …"

31. Defendant received proceeds from her 401k disbursed specifically to address the hardship arising from the Lease early termination and Note with Lessor.

32. Despite Lessor's hardship letter referencing Defendant's balance, Defendant failed to apply any 401k proceeds to her debt with Lessor.

33. On June 28, 2017, Lessor assigned the June 2017 Note to Plaintiff.

34. On July 2, 2017, Lessor's expert inspected the Premises, taking photographs and measurements, and estimated the damage repairs caused by the tenancy at $4,984.

35. On July 3, 2017, Lessor provided Defendant and Aaron with an Adjustments Statement and Symbility Damage Estimate reflecting the Premises damage repairs.

36. On July 3, 2017, Defendant confirmed by email of having received said Adjustments Statement and Symbility Damage Estimate.

37. On July 10, 2017 at 4:28PM, Lessor emailed Defendant and Aaron's then divorce attorneys, Poling and Reser, with said Symbility Damage Estimate.

38. On July 18, 2017, Aaron's then divorce attorney, Christopher Reser, called Lessor and discussed the tenancy including, but not limited to:

    a. the June 2017 Note having been signed by both Defendant and Aaron;
    b. confirming the $4,984 in damage repairs are in addition to the June 2017 Note;
    c. describing normal wear vs excess wear, and that the sum billed is for excess wear;
    d. suggesting $4k at $100 per month on another note for damage repairs;
    e. agreed to send move-out photos, June 2017 Note and call recording.

39. On July 18, 2017 at 3:56PM, Lessor emailed Aaron's then divorce attorney, Christopher Reser, the move-out photos, June 2017 Note and call recording.

40. On July 25, 2017, Defendant Linsey's then divorce attorney, John Poling, called Lessor and discussed the tenancy including, but not limited to:

    a. confirmed having received from Aaron's attorney the photos and call recording;
    b. confirmed attorney listened to the call recording (ie. $4,984 in damage repairs are in addition to the June 2017 Note);
    c. current marketing status of the Premises and there being a lower listed rent;
    d. the June 2017 Note having no payment yet by Defendant;
    e. Defendant having obtained a hardship letter from Lessor and receiving proceeds but not applying any to the debt she owes to Lessor, also agreeing to forward copies;

f. attorney would gain an agreement between the parties as to the debts owed to Lessor and provide Lessor with notice of that agreement in the divorce;

41. On July 25, 2017 at 4:15PM and 4:16PM, Lessor emailed Defendant Linsey's then divorce attorney, John Poling, hardship letter copies.

42. On August 5, 2017, Defendant and Aaron and Lessor executed a Promissory Note in the original principal amount of $4,000 payable at $75 beginning October 1, 2017 and monthly thereafter until paid in full, and upon default, provides for contractual interest at the rate of 10% per annum from July 2, 2017 until paid.

43. On August 5, 2017, Lessor assigned the August 2017 Note to Plaintiff.

44. "Notes" as used herein means both the June 2017 and August 2017 Promissory Note agreements between Defendant, Aaron and Lessor.

45. On August 6, 2017, Lessor and Plaintiff sent notices of assignment to Defendant and Aaron for the Notes, directing payments be made to Plaintiff. Said notices clearly show both Notes.

46. Despite the assignments and notice thereof, Defendant has made no payments on the Notes.

47. On August 11, 2017, Aaron Prollock paid $200 and has made no other payments. Aaron caused a dishonored remittance on September 1, 2017.

48. On May 10, 2018, despite divorce attorney assurances, Defendant Linsey and Aaron entered their *Decree of Divorce and Dissolution of Marriage* under FD-2017-222 and no-where does it specifically reference their Notes obligation to Plaintiff.

49. On August 5, 2021, Oklahoma County Clerk records indicate Aaron filed a Quit Claim Deed, with a tax stamp exemption, in favor of Defendant Linsey for 1800 Hampton Drive.

50. On October 7, 2021, Plaintiff filed a *Petition* with the District Court in and for Oklahoma County, Oklahoma under case no. CJ-2021-4252 seeking a judgment, against Defendant and Aaron Prollock, for $7,824 plus interest, costs and attorney fees, pursuant to the Notes.

51. On October 10, 2021, Defendant and Aaron were both served in-person at 1800 Hampton Drive with Plaintiff's Summons and *Petition* under CJ-2021-4252 ("State Court Case").

52. On October 12, 2021, Defendant Linsey called Plaintiff and admitted to:

    a. being on notice of the lawsuit;

    b. owing the Notes;

    c. having forgotten about the Notes;

    d. a willingness to pay $20 every paycheck;

    e. an inability to afford $200 per month.

53. On December 10, 2021, Defendant filed her *Motion to Dismiss* claiming the "The June Note is superseded by the August Note which was neither assigned nor negotiated to Plaintiff."

54. Defendant's claims in her *Motion to Dismiss* are without merit and were apparently brought for the purpose of delay and to add litigation expense and risk to Plaintiff.

55. Defendant's claims in her *Motion to Dismiss* contradict her October 12, 2021 admissions.

56. Defendant set her *Motion to Dismiss* to four (4) months later, delaying until April 21, 2022.

57. On April 21, 2022, the Court sustained Defendant's *Motion to Dismiss* with prejudice.

58. On May 19, 2022, Plaintiff filed its *Petition in Error* to appeal said dismissal with the Oklahoma Court of Civil Appeals ("COCA") under case no. SD-120433.

59. On January 3, 2023, Defendant filed a Warranty Deed, having sold 1800 Hampton Drive for $67,000 (per doc stamp tax), in favor of RSM Properties LLC.

60. Based on county filings, Defendant may have netted up to $8,804 plus principal payments in proceeds from the sale of 1800 Hampton Drive, none of which was paid to Plaintiff.

61. While Defendant was not legally required to pay Plaintiff from the sale proceeds for 1800 Hampton Drive, Defendant's timing, litigation strategy and October 12, 2021 admissions, coincide with fraudulent intent to avoid payment of the Notes at all costs.

62. On January 11, 2023, COCA filed its opinion which reversed and remanded said dismissal stating, "… based solely on the face of the notes themselves, … each references a different principal amount and neither states it supersedes any other specifically identified note." and "When Lynn and Co. assigned the notes to Ian's Enterprise, this transfer vested in Ian's Enterprise the right of Lynn and Co. – as holder of the instruments – to enforce the notes."

63. On February 9, 2023, COCA issued its mandate under SD-120433 to the trial court.

64. Neither Defendant Linsey nor Aaron timely answered the State Court Case.

65. On January 15, 2025, Plaintiff filed *Motions to Enter Default Judgment*.

66. On January 17, 2025, the Court under CJ-2021-4252 entered judgment in favor of Plaintiff and against Aaron Prollock for $18,924.70 or $7,824 in principal plus $1,500 in attorney fees, $1,394.04 in costs and $8,206.66 in prejudgment interest (10% from July 2, 2017), in addition to interest and costs thereafter accruing.

67. On May 15, 2025, Defendant Linsey finally answered in CJ-2021-4252, but only after seeking and being granted leave to answer out of time by the Court.

68. On June 9, 2025, Plaintiff issued a Demand for Binding Arbitration to Defendant.

69. On July 9, 2025, Plaintiff filed with net-ARB.com under 9766694 pursuant to the Binding Arbitration provision within the Notes' *Confidentiality and Dispute Resolution Addendum*.

70. By August 6, 2025, net-ARB granted Plaintiff an ex parte hearing, due to Defendant's failure to respond or participate in arbitration after proper notice, pursuant to forum rules and the Notes' Binding Arbitration provision which states in part: "… Failure by any party to this Note to participate in Binding Arbitration within 30 days of written demand shall entitle the participating parties to an award by default." Plaintiff asked net-ARB to adopt the January 17, 2025 Journal Entry of Judgment already against Aaron and Award that it be joint and several with Defendant Linsey, along with the $998 arb filing fee.

71. On December 29, 2025, net-ARB under 9766694 tendered its Affidavit of Arbitration attaching the November 28, 2025 Arbitration Award in favor of Plaintiff and against Defendant Linsey for $19,922.70 or $18,924.70 plus $998 for the arbitration filing fee, in addition to interest accruing after January [17], 2025.

72. On February 5, 2026, Plaintiff filed its *Motion for Order Confirming Arbitration Award* in the State Court Case CJ-2021-4252.

73. On March 17, 2026, Defendant Linsey objected claiming, "Arbitration should not proceed unilaterally without first obtaining a court order compelling arbitration or resolving arbitrability."

74. Defendant's objection to Plaintiff's *Motion for Order Confirming Arbitration Award* is without merit and was apparently brought for the purpose of delay and to add litigation expense and risk to Plaintiff. Defendant advanced propositions and or quotes that Plaintiff could not find in the cited case law.

75. On April 7, 2026, the Court granted Plaintiff's *Motion for Order Confirming Arbitration Award* "… based on the Binding Arbitration provision in the contract signed by the parties and pursuant to the cases cited in Plaintiff's pleadings."

76. Despite the Court's clear ruling on April 7, 2026 and a contemporaneous court minute having been signed by the attorneys for both parties and filed in the State Court Case, Defendant refused to sign the Order Confirming Arbitration Award and Journal Entry of Judgment, necessitating Plaintiff's *Motion to Settle Journal Entry* on June 23, 2026, after which, Defendant eventually signed.

77. On August 11, 2026, the Court entered the *Order Confirming Arbitration Award and Journal Entry of Judgment* under CJ-2021-4252 in favor of Plaintiff and against Defendant Linsey and Aaron, which added $1,137 (or $998 for filing and $139 for an affidavit) for net-ARB arbitration fees to the prior judgment and to make Linsey jointly and severally liable.

78. On August 22, 2026, Plaintiff became aware, by searching PACER and or RECAP, that Defendant Linsey filed her chapter 7 bankruptcy petition on July 30, 2026.

79. Plaintiff has made no attempt to enforce the August 11, 2026 Judgment against Defendant.

80. Plaintiff is taking steps to vacate the August 11, 2026 Judgment entered against Defendant.

81. Defendant had apparently signed and allowed Plaintiff to enter an order in the State Court Case without notification of the bankruptcy filing.

82. Upon bankruptcy research, Defendant used an incorrect mailing address for Plaintiff and the attorney, this was despite having a registered agent and proper mailing address on filings.

83. Plaintiff does not authorize attorneys to accept service for unknown cases. Plaintiff updated the bankruptcy noticing center with additional addresses that could plausibly be entered by debtors on future cases to prevent future occurrences.

84. Defendant and Aaron knowingly made materially false representations in their rental applications for the purpose of inducing Lessor to approve them for tenancy and the resulting Lease and Notes.

85. Lessor reasonably and justifiably relied upon Defendant and Aaron's sworn representations in entering into the Lease and Notes transactions, and Plaintiff, as assignee of the resulting Notes obligations, hold the debts arising therefrom.

86. As a direct and proximate result of Defendant and Aaron's false representations and omissions, Plaintiff was damaged in the amount the Court under CJ-2021-4252 entered judgment in favor of Plaintiff and against Aaron Prollock for $20,061.70 or $1,137 ($998 for arb filing and $139 for an affidavit) plus $18,924.70 or $7,824 in principal plus $1,500 in attorney fees, $1,394.04 in costs and $8,206.66 in prejudgment interest (10% from July 2, 2017), in addition to costs and interest accruing from January 17, 2025 until paid.

87. 11 U.S.C. § 523(a)(2)(A) excepts from discharge debts for money, property, services, or credit obtained by false pretenses, false representation, or actual fraud.

88. 11 U.S.C. § 523(a)(2)(B) except from discharge debts for money, property, services, or credit obtained by use of a statement in writing: (i) that is materially false; (ii) respecting the debtor's financial condition; (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and (iv) that the debtor caused to be made or published with intent to deceive.

89. 11 U.S.C. § 523(c)(1) requires a creditor to obtain a court determination, rendered after notice and a hearing, for debts asserted under § 523(a)(2).

**FIRST CAUSE OF ACTION - Nondischargeability Under 11 U.S.C. § 523(a)(2)(A)**

90. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

91. Defendant and Aaron made representations and engaged in false pretenses by phone, in writing and or within their April 2016 rental applications, concerning their prior residential history, past-due status, and intent to sell.

92. Said Defendant and Aaron representations were materially false.

93. At the time the representations were made, Defendant and Aaron knew they were false, and related but not limited to their: then-recent mortgage Modification, repeatedly past due mortgage payments, intent to sell their house, and 401k hardship request which resulted in proceeds that Defendant expended for a purpose other than intended.

94. Defendant and Aaron made the representations with the intent and purpose of deceiving Lessor into approving their rental applications, executing the Lease, delivering possession of the Premises, and the attendant extension of credit embodied in the Notes transactions.

95. Lessor justifiably relied on Defendant and Aaron's representations in approving their tenancy and entering into the Lease and Notes.

96. Defendant made false representations or engaged in false pretenses concerning her intent to pay the Notes according to their terms. Defendant's intent to deceive is established by the totality of the circumstances, including but not limited to her: Lease and Notes negotiations, execution of the Lease and Notes and the timing thereof, inducement by way of the hardship letter and subsequent nonpayment despite 401k proceeds, total failure to make any payments, post-service admission of the Notes debt followed by contradictory litigation positions that delayed enforcement, and sale of the Hampton Drive property and retention of equity proceeds despite owing unpaid Notes, all to Plaintiff's detriment.

97. The resulting debt evidenced by the Notes, which Lessor assigned to Plaintiff, were obtained by false pretenses, false representations and or actual fraud within the meaning of 11 U.S.C. § 523(a)(2)(A).

98. Plaintiff has been damaged by Defendant's fraud in an amount to be determined at trial, presently believed to be not less than $20,061.70 plus costs and interest accruing from January 17, 2025 until paid.

**<u>SECOND CAUSE OF ACTION - Nondischargeability Under 11 U.S.C. § 523(a)(2)(B)</u>**

99. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

100. In the alternative, to the extent any statement respecting Defendant's or an insider's financial condition is determined to be at issue, Defendant and Aaron caused to be made or published a statement in writing that was materially false, respecting their financial condition, on which Plaintiff reasonably relied, and which Defendant and Aaron caused to be made or published with intent to deceive.

101. Any such debt is nondischargeable under 11 U.S.C. § 523(a)(2)(B).

102. Plaintiff has been damaged by Defendant's false written financial condition statement in an amount to be determined at trial, presently believed to be not less than $20,061.70 plus costs and interest accruing from January 17, 2025 until paid.

###

WHEREFORE, Plaintiff, Ian's Enterprise, LLC, requests judgment against Defendant, Linsey Louise Prollock, as follows:

1. Determining that the Notes debts owed by Defendant to Plaintiff are nondischargeable and excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A) and or (B);
2. Confirming Plaintiff's net-ARB.com Binding Arbitration Award under 9766694 issued November 28, 2025 in favor of Plaintiff and against Defendant.
3. Awarding Plaintiff an amount not less than $20,061.70 plus costs and contractual interest (10%) accruing from January 17, 2025 until paid.
4. Upon motion and if Plaintiff prevails, an award for reasonable attorneys' fees pursuant to the Notes and as allowed by law; and
5. For such other relief as the Court deems just and proper.

Respectfully Submitted,

/s/ Amanda R. Blackwood

Amanda R. Blackwood, OBA #33839
BLACKWOOD LAW FIRM, PLLC
512 NW 12th Street
Oklahoma City, OK 73103
405.309.3600 -Telephone
405.378.4466 – Facsimile
amanda@blackwoodlawfirm.com – Email
**ATTORNEY FOR PLAINTIFF**

Approved by:

Ian Rupert, Ian's Enterprise LLC

**IN THE DISTRICT COURT OF OKLAHOMA COUNTY, STATE OF OKLAHOMA**

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

AUG 11 2026

RICK WARREN
COURT CLERK
136

**Ian's Enterprise, LLC**
**Plaintiff,**

**vs.**

**Aaron Prollock and Linsey Prollock**
**Defendants.**

**Case No. CJ-2021-4252**
**Judge: Dishman, C. Brent**

**ORDER CONFIRMING ARBITRATION AWARD AND JOURNAL ENTRY OF JUDGMENT**

**NOW** on the 7th day of April, 2026, this matter came on for adjudication of the *Motion for Order Confirming Arbitration Award* by Plaintiff, to confirm the net-ARB.com Arbitration Award under their Case No. 9766694 ("Award"). Plaintiff Ian's Enterprise LLC appeared by counsel, Defendant Linsey Prollock appeared by counsel, and Defendant Aaron Prollock pro se did not appear. The Court considered the pleadings and arguments and FINDS that good cause has been shown to grant the relief requested.

**THE COURT FINDS** the *Motion for Order Confirming Arbitration Award* by Plaintiff should be granted based on the binding arbitration provision in the contract signed by the parties and pursuant to the authority cited in Plaintiff's *Motion for Order Confirming Arbitration Award* filed February 5, 2026, and the *Reply to Defendant's Objection To Plaintiff's Motion for Order Confirming Arbitration Award filed April 1, 2026.*

**THE COURT FINDS** net-ARB Awarded Plaintiff, as the prevailing party and against Defendant, Linsey Prollock, an amount totaling $18,924.70 plus $998 for the net-ARB filing fee with interest at the contractual rate of 10% accrued and accruing until paid, as joint and several with (and not in addition to) the prior *Journal Entry of Judgment as to Aaron Prollock* entered

January 17, 2025, and that net-ARB fully adopted the amounts within said *Judgment* into its Award consistent with 12A O.S. §3-116(a).

**THE COURT FURTHER FINDS** net-ARB imposed said $998 filing fee pre-Award and a $139 affidavit fee post-Award, both of which are recoverable pursuant to 12 O.S. §1876(B) and properly assessed against the Defendants, Aaron Prollock and Linsey Prollock.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** by the Court that said *Motion* is hereby SUSTAINED and said Award is hereby CONFIRMED, that Plaintiff, Ian's Enterprise LLC, have and recover of and from Defendant, Linsey Prollock, Judgment in the amount of $18,924.70 plus 10% contractual interest thereon from January 17, 2025 until paid, as joint and several with (and not in addition to) the prior *Journal Entry of Judgment as to Aaron Prollock* entered January 17, 2025.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** by the Court that Plaintiff, Ian's Enterprise LLC, have and recover of and from Defendants, Aaron Prollock and Linsey Prollock, in addition to the prior *Journal Entry of Judgment as to Aaron Prollock* entered January 17, 2025, Judgment for added costs of $1,137 for net-ARB arbitration fees, together with post-judgment interest pursuant to 12 O.S. §727.1 at the 10% contractual rate, and all costs hereafter accruing.

**IT IS SO ORDERED** this 10 day of August, 2026.

[signature]
Judge of District Court
CJ-2021-4252

CERTIFIED COPY
AS FILED OF RECORD
IN DISTRICT COURT

AUG 11 2026

RICK WARREN COURT CLERK Oklahoma County

[signature]

Approved by:

| | | |
|---|---|---|
| Signature: | *See attached* | |
| Print Name: | Ian's Enterprise, LLC | Amanda R. Blackwood, OBA# 33839 |
| Address: | 9450 SW Gemini Dr. #39525 | Blackwood Law Firm PLLC |
| | Beaverton, OR 97008-7105 | 512 NW 12th St, Oklahoma City, OK 73103 |
| Phone: | (405) 622-8679 \| Fax (405) 622-8677 | wk (405) 309.3600 \| fax (405) 378-4466 |
| Email: | Support@IansEnterprise.com | amanda@blackwoodlawfirm.com |
| | Plaintiff. | Attorney for Plaintiff. |

Approved as to form by:

Signature: *[signature]*
Sherry Doyle, OBA# 31836
Legal Aid Services of Oklahoma Inc.
2915 N CLASSEN BLVD STE 200
OKLAHOMA CITY OK 73106-5816
***Attorney for Defendant Linsey Prollock***

**CERTIFICATE OF MAILING**

I hereby certify that on the 11 day of ~~July~~ August, 2026, a true and correct copy of this pleading was mailed first-class, postage pre-paid to the following:

Sherry Doyle, OBA# 31836
Legal Aid Services of Oklahoma Inc.
2915 N CLASSEN BLVD STE 200
OKLAHOMA CITY OK 73106-5816
***Attorney for Defendant Linsey Prollock***

Aaron Prollock
1909 HAMPTON DR
DEL CITY OK 73115-1458
***Pro Se***

*[signature]*
Amanda R. Blackwood, OBA# 33839

Approved by:

| | | |
|---|---|---|
| Signature: | | See attached |
| Print Name: | Ian's Enterprise, LLC | Amanda R. Blackwood, OBA# 33839 |
| Address: | 9450 SW Gemini Dr. #39525 | Blackwood Law Firm PLLC |
| | Beaverton, OR 97008-7105 | 512 NW 12th St, Oklahoma City, OK 73103 |
| Phone: | (405) 622-8679 \| Fax (405) 622-8677 | wk (405) 232-6357 \| fax (405) 378-4466 |
| Email: | Support@IansEnterprise.com | amanda@blackwoodlawfirm.com |
| | Plaintiff. | Attorney for Plaintiff. |

Approved as to form by:

Signature: See attached

Sherry Doyle, OBA# 31836
Legal Aid Services of Oklahoma Inc.
2915 N CLASSEN BLVD STE 200
OKLAHOMA CITY OK 73106-5816
***Attorney for Defendant Linsey Prollock***

**CERTIFICATE OF MAILING**

I hereby certify that on the 11 day of August, 2026, a true and correct copy of this pleading was mailed first-class, postage pre-paid to the following:

Sherry Doyle, OBA# 31836
Legal Aid Services of Oklahoma Inc.
2915 N CLASSEN BLVD STE 200
OKLAHOMA CITY OK 73106-5816
***Attorney for Defendant Linsey Prollock***

Aaron Prollock
1909 HAMPTON DR
DEL CITY OK 73115-1458
***Pro Se***

Amanda R. Blackwood, OBA# 33839

*1064533829*

**IN THE DISTRICT COURT OF OKLAHOMA COUNTY, STATE OF OKLAHOMA**

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

FEB - 5 2026

RICK WARREN
COURT CLERK
37

| | | |
|---|---|---|
| **Ian's Enterprise, LLC** | ) | |
| **Plaintiff,** | ) | |
| vs. | ) | |
| **Aaron Prollock and Linsey Prollock** | ) | |
| **Defendants.** | ) | **Case No. CJ-2021-4252** |
| | ) | **Judge: Dishman, C. Brent** |

**MOTION FOR ORDER CONFIRMING ARBITRATION AWARD**

**COMES NOW**, Ian's Enterprise LLC, Plaintiff in the above-captioned cause, moves the Court, pursuant to 12 O.S. §1873, to enter an order confirming a net-ARB.com Arbitration Award under their Case No. 9766694 issued November 28, 2025 ("Award") and granting added costs.

This case was filed October 7, 2021, to collect on two promissory notes executed by Aaron Prollock and Linsey Prollock in 2017. Both defendants were served personally. Linsey moved to dismiss for lack of standing. The trial court sustained the motion and dismissed the case in April 2022. Plaintiff appealed. On January 11, 2023, the Court of Civil Appeals reversed and remanded, holding that the assignments to Plaintiff were valid and the notes enforceable. The mandate was spread of record February 10, 2023.

No answer was filed for nearly two more years. On January 17, 2025, default *Judgment* was entered against Aaron Prollock for $18,924.70 plus costs and interest accruing. Linsey was granted leave to answer out of time and filed her Answer on May 15, 2025.

On June 9, 2025, Plaintiff made written demand for binding arbitration to Linsey Prollock pursuant to the arbitration clause contained in both promissory notes. Said demand was emailed to Linsey and her attorney and was delivered to her attorney by USPS certified mail return receipt requested on June 12, 2025. Plaintiff registered the matter with net-ARB on July 9, 2025.

Linsey did not respond to the demand or participate in arbitration. As such, the arbitration proceeded ex-parte as allowed by the notes and net-ARB forum rules, and on November 28, 2025, net-ARB.com Awarded Plaintiff, as the prevailing party and against Defendant Linsey Prollock, an amount totaling $18,924.70 plus $998 for the net-ARB filing fee and interest accruing thereafter, as joint and several with (and not in addition to) the prior *Journal Entry of Judgment as to Aaron Prollock* entered January 17, 2025. Consistent with 12A O.S. §3-116(a), net-ARB fully adopted the amounts within said *Judgment* into its Award. net-ARB imposed a $139 affidavit fee post-Award, which is requested pursuant to 12 O.S. §1876(B).

The following are attached as Exhibits:

A) Arbitration Award Affidavit;

B) June 9, 2025 Arbitration Demand to Linsey Prollock and her counsel;

C) June 12, 2025 Proof of Service for Arbitration Demand ie. USPS Signature Receipt;

D) Redacted* Promissory Note 1 as of June 30, 2017; and

E) Redacted* Promissory Note 2 as of July 2, 2017.

*Unredacted copies were filed with the Court simultaneously with Plaintiff's separate Motion to Seal for the reasons stated therein and filed same day.

**WHEREFORE**, Plaintiff respectfully moves the Court, pursuant to 12 O.S. §1873, to enter an order confirming the Award, merging it with the existing *Judgment* against Aaron Prollock so there is a single judgment against both defendants, Aaron Prollock and Linsey Prollock, jointly and severally, in favor of Plaintiff, Ian's Enterprise LLC, totaling $18,924.70 plus $998 for the net-ARB filing fee and interest at the contractual rate of 10% accrued and accruing until paid, together with $139 for the net-ARB affidavit fee pursuant to 12 O.S. §1876(B), all costs hereafter accruing and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

______________________________
Amanda R. Blackwood, OBA #33839
BLACKWOOD LAW FIRM, PLLC
512 N.W. 12th Street
Oklahoma City, Oklahoma 73103
Telephone: 405.309.3600
Facsimile: 405.378.4466
Email amanda@blackwoodlawfirm.com
***Attorney for Plaintiff***

Approved by: ______________________________
Ian's Enterprise, LLC

**NOTICE OF HEARING**

You are hereby notified that Plaintiff will bring said **Motion** on for hearing, for the reasons stated therein, at the Oklahoma County Court House, located at 321 Park Ave in Oklahoma City, Oklahoma, in the court room of Judge ____________________, at the hour of _____ o'clock __M, on the _____ day of ____________________, 2026, or as soon thereafter as can be heard.

**CERTIFICATE OF MAILING**

I hereby certify that on the 5 day of Feb., 2026, a true and correct copy of this pleading was mailed first-class, postage pre-paid to the following:

Sherry Doyle
Legal Aid Services of Oklahoma Inc.
2915 N CLASSEN BLVD STE 200
OKLAHOMA CITY OK 73106-5816
***Attorney for Defendant Linsey Prollock***

Aaron Prollock
1909 HAMPTON DR
DEL CITY OK 73115-1458
***Pro Se***

______________________________
Amanda R. Blackwood, OBA #33839

inter ... itration
Small Claims Court for the Internet

Online Arbitration
www.net-ARB.com
support@net-ARB.com

# Affidavit of Arbitration

STATE OF FLORIDA )
COUNTY OF LEE )

Personally, before the undersigned officer duly authorized to administer oaths appeared Henry Abelman, who after being duly sworn, on his oath swears and affirms as follows:

1. My name is Henry Abelman. I am over the age of eighteen (18) years old, suffer from no legal disability and am otherwise competent to make this Affidavit. I freely and voluntarily make this Affidavit from my own personal knowledge. I do swear and affirm that the facts stated herein are true.

2. I am Henry Abelman, Chief Executive Officer for net-ARB, Inc. (d/b/a www.net-ARB.com, "net-ARB"), an online arbitration firm incorporated in Georgia, doing business on the Internet since 2005 as net-ARB.com.

3. An Arbitration Award was issued after an ex parte hearing held pursuant to two written Promissory Notes and their attached "Confidentiality and Dispute Resolution Addendum" (the "Notes") between Ian's Enterprise LLC (the "Claimant") and Linsey Prollock (the "Respondent") dated June 30, 2017 and July 2, 2017, for personal property loans. Dispute resolution is covered under the Addendum stating, "[a]ll covered matters shall be resolved by arbitration pursuant to the rules and procedures of net-ARB Inc."

4. Because the Notes made arbitration mandatory and specifically identified net-ARB as the arbitration provider, net-ARB rules and procedures provide for a hearing in absentia.

5. The matter was filed with net-ARB, Inc. (d/b/a www.net-ARB.com, "net-ARB") on July 9, 2025, by Claimant's representative, and notice of the filing was immediately emailed to the Respondent at jdhgmommy@gmail.com. The email address for Respondent was provided by Claimant and has been the consistent contact email since 2016. Respondent was also sent email notices and certified mail notice of the filed arbitration by Claimant. When Respondent did not respond or register, Claimant was given the option of holding an ex parte hearing.

6. Claimant selected the option of having an ex parte hearing and Respondent was again notified. Arbitrators were then assigned, and I was selected as the Arbitrator. An ex parte hearing commenced on August 5, 2025 in accordance with the rules and procedures of net-ARB.

7. The ex parte hearing was closed on September 23, 2025.



EXHIBIT "A"

inter... Small Claims Court for the Internet

**Online Arbitration**
**www.net-ARB.com**
**support@net-ARB.com**

8. Based on the sworn testimony and evidence, net-ARB issued the Binding Arbitration Award on November 28, 2025, a copy of which is attached hereto as Exhibit "A", in which the following Award was made by the Arbitrator:

AWARD

Respondent, Linsey Prollock, shall pay Claimant Ian's Enterprise LLC the following amounts:

$ 7,824.00 principal

$ 8,206.66 pre-award interest

$ 1,500.00 attorney fees

$ 1,394.04 costs

$ 998.00 arbitration fee

The total amount due Claimant from Respondent is $19,922.70, payable within thirty (30) days from the date of this decision, with ongoing interest thereafter as provided in the Notes.

FURTHER AFFIANT SAYETH NOT

H. Abelman
Affiant

12/29/2025
Date

Sworn to and subscribed before me by Henry Abelman, who acknowledged the execution of this Affidavit on Dec. 29, 2025.

Notary

Date: 12-29-25

Notary Public State of Florida
Christopher Ramsey
My Commission
HH 263...
Exp. 5/11/2026



**EXHIBIT "A"**

inter
Small Claims Court for the Internet

Online Arbitration
www.net-ARB.com
support@net-ARB.com

EXHIBIT "A"

# net-ARB Binding Arbitration Award

**Case No.** 9766694

**Ian's Enterprise LLC (Ian Rupert)**
**vs.**
**Linsey Prollock**

---

# Preliminary Background

This is an ex parte binding arbitration administered by net-ARB.com pursuant to two written Promissory Notes and their attached "Confidentiality and Dispute Resolution Addendum" (the "Notes," net ARB Exhibits 01 & 02).

## Each Note:

- Was executed by Lynn & Co. Property Management LLC ("Lender") and "Borrower," defined as "Aaron Prollock and Linsey Prollock," collectively and individually (Ex. 01 & 02).
- Contains a Binding Arbitration clause naming net-ARB.com as the governing forum and rules for arbitration, and expressly providing that:
  - "Upon written demand for Binding Arbitration by any party to this Note, Disputes shall be settled thru Binding Arbitration."
  - "Binding Arbitration shall be administered in accordance with and governed by net-ARB.com and their rules of arbitration."
  - "Failure by any party to this Note to participate in Binding Arbitration within 30 days of written demand shall entitle the participating parties to an award by default." (Ex. 01 & 02, Addendum, § "BINDING ARBITRATION").



EXHIBIT "A"

## The record (Hearing Transcript and Exhibits) establishes that:

- The Notes were originally between Lynn & Co. Property Management LLC and Aaron and Linsey Prollock as co borrowers;
- The debts were later assigned to Claimant Ian's Enterprise LLC via notarized Assignments of Debt (Ex. 03 & 04; also summarized in Petition, Ex. 20);
- Claimant sued both co makers in Oklahoma County District Court, Case CJ 2021 4252, for breach of the Notes (Ex. 11 & 20);
- The trial court dismissed on technical grounds, but that dismissal was reversed and remanded by the Oklahoma Court of Civil Appeals in Opinion No. 120,433 (Ex. 13);
- On January 17, 2025, the District Court entered a Journal Entry of Default Judgment against co maker Aaron Prollock only, for principal, interest, fees, and costs totaling $18,924.70, with post judgment interest under 12 O.S. § 727.1 (Ex. 05);
- No merits judgment has yet been entered as to Respondent Linsey Prollock; she later answered and asserted defenses (Ex. 21).

## Demand for Arbitration

On June 9, 2025, Claimant issued a written Demand for Binding Arbitration as to Linsey only, expressly invoking the Notes' arbitration clause and net-ARB.com as the selected forum (Ex. 08, with email cover Ex. 22, and USPS certified receipt Ex. 09).

Respondent, despite having counsel of record in the parallel court case and actual notice via that counsel and via her own long used email, did not participate in this arbitration. This proceeding therefore went forward as an ex parte hearing, but Claimant still bears the burden of proving both liability and damages.

## The net ARB Hearing Transcript reflects:

- Opening statement (Msg. 3);
- Claimant's Phase 3 testimony and exhibits (Msg. 8);
- Detailed responses to Arbitrator questions (Msgs. 10 & 12);
- Closing statement and proposed award language (Msg. 14).

The hearing was conducted entirely in writing, consistent with net ARB's rules, between early August and late September 2025, and is now closed for decision.

---



EXHIBIT "A"

# Factual Background

## 1. The Notes and Underlying Transactions

Two Notes are at issue:

### Note 1: June 30, 2017 Note – $4,024

("Note 1" in much of Claimant's narrative; Ex. 01)

- Principal: $4,024 "as of June 30, 2017."
- Monthly payment: $100 from July 1, 2017 to July 31, 2021.
- Default clause: upon default and acceleration, all amounts bear 10% interest per annum from June 30, 2017 until paid, plus collection expenses (Ex. 01, §2).
- Attorney fee clause: prevailing party may recover reasonable fees, capped at $750 per proceeding (Ex. 01, §4).
- Confirms that it "supersedes all prior Note(s) ... for the Principal" of $4,024.

### Note 2: July 2, 2017 Note – $4,000

(Ex. 02)

- Principal: $4,000 "as of July 02, 2017."
- Monthly payment: $75 from October 1, 2017 to September 30, 2022.
- Same 10% default interest clause from July 2, 2017 (Ex. 02, §2).
- Same $750 per proceeding attorney fee cap (Ex. 02, §4).
- Also "supersedes all prior Note(s) ... for the Principal" of $4,000.

## Binding Arbitration and Governing Law Provisions

Both Notes contain identical Binding Arbitration and Governing Law provisions selecting:

- Oklahoma law
- Oklahoma County as the exclusive venue for litigation or arbitration
- net-ARB.com (or, in some circumstances, AAA) as the administering forum (Ex. 01 & 02, Addendum)



EXHIBIT "A"

## Court of Civil Appeals Holdings

The Oklahoma Court of Civil Appeals in Ian's Enterprise LLC v. Linsey Prollock, et al., Case No. 120,433 has already reviewed these exact two Notes and held:

- The August 5, 2017 Note does not obviously supersede the June 21, 2017 Note on its face; each note has a distinct principal amount and refers to different underlying obligations (Ex. 13 at 2–4).
- Ian's Enterprise's assignments from Lynn & Co. (Ex. 03 & 04) are facially valid and sufficient to transfer all rights to enforce the Notes to Ian's Enterprise under 12A O.S. § 3 203(b), even without a UCC "negotiation" via endorsement on the instrument (Ex. 13 at 5–6).

Thus, as a matter of Oklahoma contract and UCC law, both Notes remain in force, each enforceable by Claimant as assignee.

## 2. Assignments and Status of the Debt

- Lynn & Co. executed notarized Assignments of Debt to Ian's Enterprise LLC for:
  - The $4,024 June 2017 Note (Ex. 03 and Ex. C2); and
  - The $4,000 July 2017 Note (Ex. 04 and Ex. C1).
- Notice of assignment was provided to Respondent, including:
  - Direct written Notices of Assignment from Ian's Enterprise and Lynn & Co. (Ex. 06 & 07);
  - A ledger showing the underlying rent, fees, repairs, concessions, and conversion of those amounts into Notes, with the balance transferred to Ian's Enterprise (Ex. 07).

## Total Principal Owed

The total principal owed across both Notes, after application of a $200 payment, is $7,824.00. That figure is consistent across:

- The Petition in CJ 2021 4252 (Ex. 20, ¶¶ 8–10);
- The state court's Journal Entry of Judgment against Aaron (Ex. 05);
- Claimant's arbitration submissions (Transcript Msg. 8 & 14; Ex. 16 & 18).

## 3. Litigation History and Judgment Against Co Maker Aaron



EXHIBIT "A"

Claimant filed suit in Oklahoma County, CJ 2021 4252, on October 7, 2021 (Ex. 11, Petition Ex. 20) asserting breach of contract on both Notes against both Aaron and Linsey Prollock. The docket and supporting documents show:

- Proper service by personal delivery on both Aaron and Linsey on October 10, 2021 (Ex. 11; Proof of Service Ex. 25).
- Linsey's counsel (Legal Aid / Sherry Doyle) entering an appearance on November 4, 2021 (Ex. 26).
- Linsey filing a Motion to Dismiss, which was sustained with prejudice on April 21, 2022, then reversed and remanded by the Court of Civil Appeals in Opinion No. 120,433 (Ex. 13).
- On remand, Claimant moved for default judgment against both co makers (Ex. 11, docket; Ex. 05).
- The trial court granted default judgment against Aaron only on January 17, 2025 (Ex. 05) and later denied default as to Linsey, allowing her to answer out of time (Ex. 11, 4/16/2025 minute entry).
- Linsey then filed an Answer and Affirmative Defenses on May 15, 2025 (Ex. 21), expressly admitting that she signed both Notes (Ex. 21, ¶¶ 5–6) while arguing that the second note was intended to replace the first, and asserting defenses such as "no default," "fraudulent inducement," and "unclean hands," without factual support in the record.

## Journal Entry of Default Judgment Against Aaron Prollock

The Journal Entry of Default Judgment as to Aaron Prollock (Ex. 05) awards, in favor of Ian's Enterprise LLC:

- Principal: $7,824.00 ($4,000 + $3,824)
- Pre-judgment interest at 10% per annum through January 7, 2025: $8,206.66 (supported by proration and amortization calculations at Ex. 16 & 18)
- Attorney's fees: $1,500.00 (within the combined contractual caps of $750 per Note)
- Costs: $1,394.04 (court costs, service, and appellate filing fees itemized in Ex. 14)

**Total: $18,924.70**, plus post judgment interest per 12 O.S. § 727.1 and additional post judgment fees and costs.

That judgment is against Aaron alone, and no state court has adjudicated the merits of Linsey's liability or damages.



EXHIBIT "A"

# 4. Demand for Arbitration and Non-Participation by Linsey

On June 9, 2025, Claimant issued a Demand for Binding Arbitration expressly citing the Notes' arbitration clause and designating net-ARB.com as forum (Ex. 08). That Demand was:

- Sent by certified mail, return receipt requested to Linsey's counsel, Sherry Doyle, at Legal Aid, with USPS records confirming receipt on June 12, 2025 (Ex. 09).
- Emailed to:
  - Counsel Sherry Doyle at sherry.doyle@laok.org;
  - Claimant's own counsel Amanda Blackwood; and
  - Respondent directly at jdhgmommy@gmail.com (Ex. 22).

# Evidence of Notice and Email Validity

Claimant's responses to Arbitrator questions (Msg. 10 & 12, supported by Ex. 23–27 & 30) establish:

- jdhgmommy@gmail.com was provided to Claimant by Linsey herself in her 2016 rental application (Ex. 23) and has consistently been her email with Claimant since 2016;
- Google Vault searches show inbound emails from that address connected to Linsey and the tenancy (Ex. 24);
- Claimant has no bounce notices, suggesting the email remains active;
- Linsey was personally served with Petition and Summons in 2021 (Ex. 25); she obtained Legal Aid representation (Ex. 26) and filed an Answer in 2025 (Ex. 21);
- Claimant's counsel sent a follow up email to Legal Aid confirming receipt of the arbitration letter and inquiring whether Linsey would participate, and received no response (Ex. 30).

# Default Period and Non-Participation

Under the Notes, Respondent had 30 days from written demand to "participate in Binding Arbitration" or risk a default award. The Demand was received on June 12, 2025; the 30 day period therefore expired on or about July 12, 2025 (Msg. 10, Answer to Q1).



EXHIBIT "A"

Claimant filed its net ARB case on July 9, 2025 (Hearing Transcript and net ARB Registration Confirmation, Ex. 27), and net ARB separately emailed Linsey at the same email address (Ex. 27).

Respondent remained silent throughout this arbitral proceeding and has never disputed notice or participation obligations here.

---

# Evidence Considered

I considered the entire Hearing Transcript and all attached net ARB Exhibits, including in particular:

## Promissory Notes & Arbitration Clause:

- Ex. 01 – 20170609 Promissory Note $4,024 (SIGNED) + Confidentiality/Dispute Resolution Addendum.
- Ex. 02 – 20170801 Promissory Note $4,000 (SIGNED) + Addendum.

## Assignments & Notices:

- Ex. 03 & C2 – 20170628 Assignment of Debt (NOTARIZED) for the $4,024 Note.
- Ex. 04 & C1 – 20170805 Assignment of Debt (NOTARIZED) for the $4,000 Note.
- Ex. 06 & 07 – Notices of Assignment from Ian's Enterprise and Lynn & Co. to Linsey.

## State Court Proceedings:

- Ex. 05 – 20250117 Journal Entry of Default Judgment as to Aaron Prollock (FILED).
- Ex. 11 – 2025 OSCN Docket CJ 2021 4252.
- Ex. 12 – OSCN Docket on Appeal SD 120433.
- Ex. 13 – 20230111 Appellate Opinion reversing dismissal and remanding.
- Ex. 14 – 20250107 Invoice, Costs Calculation Package (court fees, service, and appeal costs with receipts).
- Ex. 15 – Buildium ledger of attorney fee charges totaling $2,548.15.
- Ex. 20 – 20211007 Petition (FILED).



EXHIBIT "A"

- Ex. 21 – 20250515 Answer & Affirmative Defenses (FILED).

## Interest and Calculations:

- Ex. 16 – 20250107 Interest Proration Calculation (showing $8,206.66 total interest on $7,824 through 1/7/2025 at 10%, compounding annually).
- Ex. 18 – Detailed step by step interest calculations per Note 1 and Note 2.

## Notice, Identity, and Contact:

- Ex. 08 – 20250609 Demand for Binding Arbitration (SIGNED).
- Ex. 09 – USPS Signature Receipt for Demand to Linsey's counsel.
- Ex. 10 – 20160419 Oklahoma Driver's License for Linsey Prollock.
- Ex. 22 – Email cover serving Demand for Arbitration on Linsey and her counsel.
- Ex. 23 – 20160419 Rental Application, listing jdhgmommy@gmail.com.
- Ex. 24 – Google Vault search showing inbound emails from that account.
- Ex. 25 – Proof of Service for Petition and Summons to Linsey.
- Ex. 26 – Entry of Appearance by Legal Aid for Linsey.
- Ex. 27 – net ARB Registration Confirmation using jdhgmommy@gmail.com.
- Ex. 30 – Email from Claimant's counsel confirming no response from Legal Aid after the arbitration demand.

## Admissions by Respondent:

- Ex. 21 – Linsey's Answer expressly admitting she signed both Notes (¶¶ 5–6).
- Ex. 28 & 29 – Call recordings (summarized in Msg. 12) where Linsey acknowledges:
  - She was served and knows of the lawsuit;
  - She "owes the Notes;"
  - She had "forgotten about the Notes;"
  - She discussed ability to make payments and financial hardship (Msg. 12, Q14 Answer).



EXHIBIT "A"

I also reviewed Claimant's detailed written answers to Arbitrator questions (Msgs. 10 & 12) and closing statement (Msg. 14), which synthesize the above evidence into a coherent chronology and damages model.

---

# Rationale and Analysis

## 1. Jurisdiction and Arbitrability

The record clearly establishes:

### Valid Arbitration Agreement

Both Notes, signed by Respondent, contain a broad Binding Arbitration clause selecting net-ARB.com and its rules for disputes "arising out of or relating directly or indirectly" to the Notes (Ex. 01 & 02 Addendum). Respondent admitted signing these Notes in her Answer (Ex. 21, ¶¶ 5–6). Under Oklahoma law and the Federal Arbitration Act, such a written arbitration agreement is enforceable.

### Scope

This dispute—nonpayment of the Notes, interest, costs, and fees—is precisely the type of "Dispute" defined in the Addendum. There is no argument or evidence in this record that the arbitration clause is invalid or that the dispute lies outside its scope.

### Demand and Default Mechanism

The Addendum expressly provides that failure to "participate in Binding Arbitration within 30 days of written demand shall entitle the participating parties to an award by default." (Ex. 01 & 02). Written demand was indisputably given and received (Ex. 08 & 09), and more than 30 days passed without any participation by Respondent.

### Parallel Litigation

The Oklahoma case CJ 2021 4252 remains open as to Linsey but has not produced any merits ruling in her favor or against Claimant; no stay order precludes arbitration. The Court of Civil Appeals explicitly found Claimant's claim viable on the pleadings and exhibits (Ex. 13). It is standard practice to confirm an arbitration award back into that same case, and Claimant has indicated that is its intent (Msg. 10, Q3; Msg. 14).

### Conclusion on Jurisdiction

Accordingly, jurisdiction and arbitrability are well established, and proceeding to a default award under the contractual default award mechanism is permissible and appropriate.



EXHIBIT "A"

## 2. Liability: Existence and Breach of the Contractual Obligations

To recover, Claimant must prove:

1. Existence of enforceable obligations by Respondent;
2. Claimant's status as rightful creditor;
3. Respondent's breach; and
4. Resulting damages.

### (a) Execution and Terms of the Notes

The Notes (Ex. 01 & 02) are detailed DocuSign instruments bearing Respondent's name, address, and signature, along with co maker Aaron's and Lynn & Co.'s signatures, and full electronic execution certificates.

Respondent has judicially admitted that she signed those Notes in her Answer (Ex. 21, ¶¶ 5–6), and never argues forgery or identity theft. There is robust identity corroboration via her driver's license (Ex. 10) and rental application (Ex. 23).

**Finding:** The Notes are authentic and binding on Respondent.

### (b) Assignment to Claimant

The Assignments of Debt (Ex. 03 & 04; C1 & C2) are notarized instruments, executed by Lynn & Co.'s manager, Rockford Steele, and by Ian Rupert for Ian's Enterprise LLC. They explicitly transfer "all rights, title, and ownership" in the Notes and debt against Aaron and Linsey Prollock.

The Court of Civil Appeals has already examined and rejected Respondent's "self assignment" argument, finding the assignments valid and concluding that, under 12A O.S. § 3 203(b), any transfer (even without endorsement on the face of the Notes) vests in the transferee "any right of the transferor to enforce the instrument" (Ex. 13 at 5–6).

**Finding:** Claimant is the lawful assignee and has standing to enforce both Notes.

### (c) Whether the Second Note Superseded the First

Respondent previously argued that the August 5, 2017 Note "was to replace the first note," and repeated that position in ¶ 6 of her Answer (Ex. 21).

However:

- The face of the Notes shows different principal amounts ($4,024 vs. $4,000) and different amortization schedules (Ex. 01 & 02).



EXHIBIT "A"

- The appellate court has already held that "it is not at all clear" that the August note was intended to supersede the June note, and that the language on its face suggests the contrary (Ex. 13 at 3–4).
- In this arbitration, Respondent submitted no evidence—no testimony, documents, or other corroboration—supporting her "replacement" theory or any underlying factual basis such as misrepresentation or error in drafting.

**Finding:** Respondent's "replacement" theory is not supported by the credible evidence, and both Notes remain enforceable obligations.

## (d) Default and Breach

The default clauses provide that if Borrower fails to perform obligations, Lender may accelerate the Notes and charge 10% per annum interest from the original dates (Ex. 01 & 02, §2).

The Petition (Ex. 20), Claimant's testimony (Msgs. 3, 8, 10, 14), the state court judgment (Ex. 05), and the proration/interest calculations (Ex. 16 & 18) consistently reflect:

- Only one $200 payment was ever made (on the June Note), and no payments were made on the second Note.
- Claimant treated the $200 payment conservatively in its state court calculations, allocating it and computing interest in a way favorable to the borrowers (Msg. 10, Q4 Answer; Ex. 18).
- By 2021, Respondent had been in substantial long-term default.

### Audio Admissions

Additionally, Claimant produced evidence of admissions by Respondent in recorded calls from October 12, 2021, where she acknowledges:

- She is on notice of the lawsuit;
- She "owes the Notes;"
- She "forgot about the Notes;"
- She can pay only small monthly amounts (Msgs. 12, Q14 Answer; Ex. 28 & 29).

These audio admissions are powerful evidence of Respondent's awareness of the obligation and her default.

### Respondent's Bare Denial

Her subsequent Answer in the state case denies "default" in conclusory fashion but offers no factual explanation supporting the denial (Ex. 21, "No default. There are no amounts due."). In light of the written instruments, assignment trail, state court



EXHIBIT "A"

**judgment vs. co maker Aaron, and Respondent's own recorded admissions, the bare denial is not credible and carries no weight.**

### Conclusion on Liability

I find, by a preponderance of the evidence, that:

- Respondent executed both Notes as co maker with Aaron;
- She failed to pay as required;
- After acceleration, she remained in default through the present; and
- She is in breach of both Notes.

## 3. Notice, Due Process, and Fairness in Ex Parte Proceedings

**Given the ex parte nature of this hearing, I scrutinized whether Claimant met its burden to demonstrate that Respondent received fair notice and opportunity to be heard.**

The record shows:

- **Personal service of the underlying lawsuit and summons in 2021 (Ex. 25);**
- **Linsey's retention of counsel (Legal Aid) and active motion practice, including a motion to dismiss and subsequent Answer (Ex. 26, 21, 11);**
- **Written Demand for Binding Arbitration sent by certified mail, return receipt to her attorney of record, with USPS confirmation of delivery (Ex. 08 & 09);**
- **Parallel email service of that Demand on both the attorney and Respondent's long standing personal email** jdhgmommv@gmail.com **(Ex. 22), an email address:**
    - Provided by Respondent herself in her rental application;
    - Used by Claimant without bounce notices;
    - Confirmed by a Google Vault search as associated with Respondent's communications (Ex. 23 & 24);
- **Follow up inquiry from Claimant's counsel to Legal Aid confirming receipt and asking whether Linsey would participate, to which no response was received (Ex. 30);**
- **net ARB's own registration confirmation email to Linsey at that same address (Ex. 27).**

### Conclusion on Notice and Due Process



**EXHIBIT "A"**

On this record, I am satisfied that:

- Respondent received adequate, repeated notice of both the underlying debt dispute and the specific arbitration demand;
- She had ample opportunity—both personally and through counsel—to participate in this arbitration;
- Her non-participation is voluntary non-response, not a result of lack of notice.

The Notes explicitly permit a default award in such circumstances. Granting a default award here is therefore consistent with both net ARB rules and fundamental fairness.

## 4. Damages, Interest, Costs, and Fees

The key damages questions are:

1. What monetary relief would fairly and contractually compensate Claimant for Respondent's breach?
2. How to handle the existing state court default judgment against co maker Aaron while avoiding double recovery?

### (a) Principal

Both the Petition and Journal Entry of Judgment (Ex. 20 & 05), as well as Claimant's testimony, calculate principal as:

- Note 1 (June 2017): $3,824.00 remaining after the $200 payment.
- Note 2 (July 2017): $4,000.00.

**Total outstanding principal: $7,824.00.**

No evidence suggests any further payments by Linsey or Aaron that would reduce principal beyond this figure. I therefore adopt $7,824.00 as the principal balance owed by Respondent.

### (b) Pre-Award Interest through January 7, 2025

The Notes allow 10% per annum interest on all amounts outstanding from June 30, 2017 (Note 1) and July 2, 2017 (Note 2) upon default and acceleration (Ex. 01 & 02, §2).

Exhibits 16 and 18 provide detailed, step by step computations of interest per Note, incorporating:

- Dates of principal accrual;
- The single $200 payment and its allocation;
- Annual compounding; and



EXHIBIT "A"

- Interest run through January 7, 2025.

Those calculations show, and Claimant credibly testifies, that:

- **Combined Pre-judgment Interest on the $7,824 principal through January 7, 2025 is $8,206.66** (Ex. 16).

The state court in CJ 2021 4252, when entering default judgment against Aaron, accepted that exact figure as the prejudgment interest amount (Ex. 05). Claimant further explains that this figure is slightly lower than what its internal amortization might support, because of conservative choices favoring the borrowers (Msg. 10, Q4 Answer; Ex. 18).

### Conclusion on Pre-Award Interest

Given:

- The express 10% rate in the Notes;
- The detailed and transparent calculation exhibits; and
- The corroborating state court judgment,

I find **$8,206.66** to be a fair and contractually authorized pre-award interest figure through January 7, 2025.

## (c) Contractual Post 1/8/2025 Interest

In both the state court and this arbitration, Claimant seeks 10% contractual interest from January 8, 2025 until paid. The Notes unambiguously authorize ongoing 10% per annum interest on accelerated balances "until paid" (Ex. 01 & 02, §2). Oklahoma's usury and finance statutes do not bar a 10% rate under these circumstances, and there is no evidence of unconscionability.

However, because there is already a state court judgment against Aaron specifying Pre-judgment interest through January 7, 2025 and statutory post judgment interest thereafter, and Claimant is asking for this arbitral award to be made joint and several and not in addition to that judgment, the most coherent and fair approach is:

- To adopt the principal and pre January 7, 2025 interest figures from the state judgment (as above); and
- To award ongoing 10% per annum interest on the principal portion of $7,824.00 from January 8, 2025 until paid, but with the explicit proviso that any interest, principal, or costs actually collected from either co obligor reduce the amount due from the other, dollar for dollar.

That structure aligns with Claimant's request (Msg. 14), the contractual terms, and the joint and several frameworks of 12A O.S. § 3 116(a), while preventing any double recovery.

## (d) Attorney's Fees

Each Note allows the prevailing party to recover "reasonable attorney's fees, in addition to other costs of pursuit," but "in no event shall any attorney fee recovery exceed $750 regardless of the amount actually expended" (Ex. 01 & 02, §4).

Exhibit 15 demonstrates that Claimant actually incurred $2,548.15 in attorney's fees over the life of the dispute (state court litigation, appeal, and related work). Nevertheless, Claimant does not seek to exceed the contractual cap; it requests only $1,500 total ($750 per Note), mirroring the amount already approved by the court in the Aaron judgment (Ex. 05; Msg. 10, Q5 Answer).

Because:

- Claimant is the prevailing party here;
- The requested $1,500 is demonstrably less than actual fees incurred; and
- The amount is exactly within the aggregate contractual cap,

I find **$1,500.00** to be reasonable and contractually recoverable attorney's fees.

## (e) Costs

Exhibit 14 provides a clear, itemized breakdown of $1,394.04 in costs:

- $262.14 – initial filing fees in CJ 2021 4252;
- $571.90 – process server fees for service on Linsey;
- $160.00 – process server fees for service on Aaron;
- $200.00 – appeal designation of record fee (prompted by Linsey's motion to dismiss);
- $200.00 – Petition in Error filing fee in the appeal (again, caused by the dismissal she sought).

The Notes define "Borrower" collectively as Aaron and Linsey and state that upon default, "Borrower" is responsible for "all resulting collection expenses as incurred" and "other costs of pursuit" (Ex. 01 & 02, §2 & §4). Under 12A O.S. § 3 116(a) (Ex. 19), co makers are jointly and severally liable for such obligations unless the instrument provides otherwise—which it does not.

Although some costs (e.g., service on Aaron) were directed at the co maker, those costs are inherent in pursuing the Notes against both joint obligors. Claimant persuasively explains that the appeal and designation were necessitated by Linsey's dismissal motion and were essential to preserving the claim against both borrowers (Msg. 10, Q6 Answer).

I find **$1,394.04** in costs to be reasonable, well documented, and contractually recoverable as joint and several obligations of both borrowers.



EXHIBIT "A"

### (f) net ARB Filing Fee

The Arbitration Addendum expressly provides that the arbitrator "shall award the prevailing party their expenses incurred to commence or maintain Binding Arbitration and Alternative Dispute Resolution (ADR) proceedings" (Ex. 01 & 02, Addendum, "BINDING ARBITRATION").

Claimant seeks reimbursement of the $998 net ARB filing fee (Msg. 3 & 14). This was plainly incurred solely to enforce the Notes, and Respondent's non participation forced Claimant to bear the full fee. There is no double counting with state court costs, and under the Addendum, this charge is recoverable.

I therefore award **$998.00** for the net ARB arbitration fee.

---

# Findings of Fact

Based on the foregoing record, I make the following specific factual findings:

## 1. Parties and Instruments

**1.1.** Respondent Linsey Prollock and co maker Aaron Prollock executed two written Promissory Notes in 2017 in favor of Lynn & Co. Property Management LLC: a $4,024 Note dated June 30, 2017 and a $4,000 Note dated July 2, 2017, each with an attached Confidentiality and Dispute Resolution Addendum (Ex. 01 & 02).

**1.2.** Both Notes define "Borrower" collectively as "Aaron Prollock and Linsey Prollock," and both limit fee recovery to $750 per Note per proceeding.

**1.3.** Both Notes contain a Binding Arbitration clause requiring that disputes be administered under net-ARB.com rules and allowing a default award if a party fails to participate within 30 days of written demand.

## 2. Assignment and Standing

**2.1.** By notarized Assignments of Debt dated June 28, 2017 and August 5, 2017, Lynn & Co. assigned all rights in both Notes to Ian's Enterprise LLC (Ex. 03 & 04; C1 & C2).

**2.2.** The Oklahoma Court of Civil Appeals has already held that those assignments validly vested "any right of the transferor to enforce the instrument" in Ian's Enterprise under 12A O.S. § 3 203(b) (Ex. 13).

**2.3.** Ian's Enterprise LLC is therefore the lawful holder and assignee of the Notes and has standing to enforce them.

## 3. Respondent's Execution and Admissions



EXHIBIT "A"

**3.1.** Respondent admits in her 2025 Answer in CJ 2021 4252 that she signed both Notes (Ex. 21, ¶¶ 5–6).

**3.2.** Recorded calls from October 2021 capture Respondent acknowledging the Notes, her awareness of the lawsuit, her indebtedness, and her inability to pay more than small installments (Msg. 12, Q14 Answer; Ex. 28 & 29).

**3.3.** Respondent provided jdhgmommy@gmail.com as her email in her 2016 rental application, and that email has been used consistently in communications about the tenancy and debts (Ex. 23 & 24).

## 4. Default and Amounts Owed

**4.1.** Apart from a single $200 payment applied to the June Note, Respondent and co maker Aaron paid nothing further on either Note (Ex. 18; Msg. 10, Q4 Answer).

**4.2.** After acceleration, all outstanding principal on the two Notes totaled $7,824.00, which remains unpaid.

**4.3.** Pre January 7, 2025 interest on that principal, at the contractual 10% per annum rate, compounded yearly, equals $8,206.66, as shown in Exhibits 16 and 18.

**4.4.** On January 17, 2025, the Oklahoma County District Court entered a default judgment against co maker Aaron alone, awarding principal of $7,824.00, prejudgment interest of $8,206.66, attorney's fees of $1,500.00, and costs of $1,394.04, totaling $18,924.70, with statutory post judgment interest and further fees and costs as allowed by law (Ex. 05).

## 5. Notice and Non-Participation

**5.1.** Respondent was personally served with Petition and Summons in CJ 2021 4252 (Ex. 25), obtained Legal Aid representation (Ex. 26), and later filed an Answer (Ex. 21).

**5.2.** On June 9, 2025, Claimant sent a written Demand for Binding Arbitration to Respondent's attorney of record, which was delivered by certified mail on June 12, 2025 (Ex. 08 & 09).

**5.3.** The same Demand was emailed to Respondent at jdhgmommy@gmail.com and to her attorney; there were no bounce notices (Ex. 22).

**5.4.** Claimant's counsel sent a follow-up email to Legal Aid asking whether Linsey would participate; no response was received (Ex. 30).

**5.5.** net ARB sent its own registration confirmation email to Respondent at jdhgmommy@gmail.com (Ex. 27).

**5.6.** Despite this notice and opportunity, Respondent chose not to participate in this arbitration.



**EXHIBIT "A"**

## 6. Joint and Several Liability

**6.1.** Both Notes define Borrower as both Aaron and Linsey jointly, and 12A O.S. § 3 116(a) provides that co makers are jointly and severally liable absent contrary language (Ex. 19).

**6.2.** The costs and attorney's fees incurred in the state court proceedings and appeal were reasonably incurred in collecting the joint obligations of both borrowers and are contractually recoverable from Respondent.

## 7. Arbitration Costs

**7.1.** Claimant paid a $998.00 net ARB filing fee to commence this arbitration.

**7.2.** Under the Addendum, the prevailing party is entitled to recover expenses incurred to commence or maintain Binding Arbitration proceedings.

---

# Rationale and Analysis (Summary)

In light of the above findings, I conclude:

- Claimant has established, by a preponderance of the evidence, a breach of contract by Respondent on both Notes;
- Claimant's calculations of principal, interest through January 7, 2025, attorney's fees, and costs are fully supported by the written instruments, the court records, and detailed accounting exhibits;
- Respondent's affirmative defenses of "no default," "fraudulent inducement," and "unclean hands" are unsupported by any evidence in this arbitral record;
- Respondent has had fair notice and opportunity to participate but elected not to, triggering the default award provision in the Notes; and
- It is fair and just, and consistent with Oklahoma law, to make an award joint and several with the pre-existing state court judgment against co maker Aaron, while making clear that Claimant cannot recover more than once on the same debt.

---

# Award

For the reasons set forth above, I issue the following Binding Arbitration Award:

## 1. Liability

Small Claims Court for the Internet

**Online Arbitration**
**www.net-ARB.com**
**support@net-ARB.com**

Respondent Linsey Prollock is liable to Claimant Ian's Enterprise LLC for breach of the two Promissory Notes dated June 30, 2017 and July 2, 2017.

## 2. Monetary Award

Respondent Linsey Prollock shall pay to Ian's Enterprise LLC the following amounts:

**Principal:**

- $7,824.00

**Pre-Award Interest (through January 7, 2025):**

- $8,206.66 (contractual 10% per annum interest on the accelerated principal, compounded annually, as set forth in Exhibits 16 and 18)

**Attorney's Fees (contractual cap):**

- $1,500.00 (representing $750 per Note, within the fee caps in §4 of each Note)

**Collection Costs:**

- $1,394.04 (court filing fees, service of process on both borrowers, and appellate filing fees, as detailed in Exhibit 14)

**net ARB Arbitration Fee:**

- $998.00 (recoverable under the arbitration Addendum as a cost of commencing and maintaining Binding Arbitration)

**Subtotal (excluding future interest):**

$7,824.00 + $8,206.66 + $1,500.00 + $1,394.04 + $998.00 = **$19,922.70**

Accordingly, the **total principal, interest (through 1/7/2025), attorney's fees, costs, and arbitration fee awarded as of the date of this Award is $19,922.70.**

## 3. Post-Award / Ongoing Interest

In addition to the above, Respondent shall pay:

- Contractual interest at 10% per annum on the principal amount of $7,824.00 from January 8, 2025 until the principal is paid in full.

- From the date of this Award forward, and until full satisfaction of all sums awarded herein, interest shall accrue at 10% per annum on any unpaid portion of the $19,922.70 total, consistent with the Notes' default interest provision, simple interest calculated on a 365-day year.



EXHIBIT "A"

## 4. Joint and Several Nature / No Double Recovery

- This Award is joint and several with (and not in addition to) the Judgment entered on January 17, 2025 in CJ 2021 4252 in the District Court of Oklahoma County, Oklahoma, against co maker Aaron Prollock for the same Notes and obligations.
- Claimant is not entitled to double recovery. Any amounts actually collected from Aaron on the state court Judgment shall reduce dollar for dollar the amounts owed by Linsey under this Award, and vice versa.
- Upon confirmation of this Award in CJ 2021 4252, the state court may merge this Award with the existing Judgment to reflect the joint and several liability of both co makers on a single unified obligation.

## 5. Payment Deadline

Respondent shall pay the total amount awarded herein within thirty (30) days of the date of this Award. Amounts unpaid after thirty days shall continue to accrue interest as set forth above until paid in full.

## 6. Finality

This is a final, binding arbitration award under the terms of the Notes and the rules of net-ARB.com. Judgment on this Award may be entered in any court of competent jurisdiction, including, without limitation, the District Court of Oklahoma County, State of Oklahoma, in Case No. CJ 2021 4252.

---

**Dated:** November 28, 2025

**Arbitrator:** Henry Abelman



**EXHIBIT "A"**

**National Support Center**
9450 SW Gemini Dr. #39525
Beaverton, OR 97008-7105
Main: (405) 622-8679 | Fax: (405) 622-8677
Support@IansEnterprise.com | http://IansEnterprise.com

Ian's Enterprise
Headquarters in Midwest City, Oklahoma

Monday, June 09, 2025

Attorney Sherry Doyle
Legal Aid Services of Oklahoma, Inc.
2915 N Classen Blvd Ste 200
Oklahoma City, OK 73106
sherry.doyle@laok.org

Subject: Demand for Binding Arbitration
Promissory Notes, $4,024 on 06/30/2017 and $4,000 on 07/02/2017
District Court of Oklahoma County, Oklahoma Case# CJ-2021-4252

Dear Attorney Sherry Doyle for Linsey Prollock and To Whom It May Concern:

We are writing to make our Demand for Binding Arbitration as to Linsey Prollock only, pursuant to the Promissory Notes executed 06/30/2017 and 07/02/2017 totaling $8,024 plus interest and costs ("Notes").

We filed a petition on 10/07/2021 under CJ-2021-4252. Linsey filed a Motion to Dismiss which the trial court sustained on 04/21/2022 but was reversed and remanded by the appellate court, which issued and filed its mandate by 02/10/2023. No pleadings or answers were filed thereafter until 01/15/2025 when we sought default judgments and were granted as to Aaron Prollock on 01/17/2025. However, Linsey requested (and was granted) leave to answer out of time. Linsey finally answered on 05/15/2025. Discovery has not yet commenced, and the trial court has not adjudicated the merits of the parties' Dispute.

To conserve resources, we hereby demand Binding Arbitration. Refer to the following Notes excerpt: "**BINDING ARBITRATION**. Upon written demand for **Binding Arbitration** by any party to this **Note**, **Disputes** shall be settled thru **Binding Arbitration**. Judgment on the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof. **Binding Arbitration** shall be administered in accordance with and governed by net-ARB.com and their rules of arbitration. ... Failure by any party to this **Note** to participate in **Binding Arbitration** within 30 days of written demand shall entitle the participating parties to an award by default."

Please write with your response and if you have any questions.

Sincerely,

Ian Rupert
Ian's Enterprise, LLC
(405) 622-8721
Ian@IansEnterprise.com

cc: Attorney Amanda Blackwood
amanda@blackwoodlawfirm.com

Linsey Prollock
jdhgmommy@gmail.com

Important Note: Nothing in this correspondence is intended to be, nor should be construed by you, as legal or tax advice. You should seek the advice of an attorney and a certified public accountant prior to taking any action or failing to take action, based upon any matters discussed herein.

Nothing in this letter is intended to be, nor should be construed by you, an estoppel or waiver of any rights, terms, conditions, or defenses to any contract.

***** CONFIDENTIAL: You are hereby notified that any use, disclosure, copying, or distribution of the contents of this information is strictly prohibited and may result in legal action against you. This correspondence and any documents accompanying this transmission may contain privileged and/or confidential information and is intended solely for the addressee(s) named above. If you are not the intended recipient/addressee, please reply to the sender advising of the error in transmission and immediately delete/destroy the message and any accompanying documents. *****

EXHIBIT "B"

UNITED STATES POSTAL SERVICE

August 6, 2025

Dear Support Department:

The following is in response to your request for proof of delivery on your item with the tracking number: **9414 8111 0549 5828 8480 46.**

| Item Details | |
|---|---|
| **Status:** | Delivered, Front Desk/Reception/Mail Room |
| **Status Date / Time:** | June 12, 2025, 10:42 am |
| **Location:** | OKLAHOMA CITY, OK 73106 |
| **Postal Product:** | First-Class Mail® |
| **Extra Services:** | Certified Mail™<br>Return Receipt Electronic |
| **Recipient Name:** | ATTORNEY SHERRY DOYLE c o Linsey Prollock Legal |

| Shipment Details | |
|---|---|
| **Weight:** | 1.0oz |

| Destination Delivery Address | |
|---|---|
| **Street Address:** | 2915 N CLASSEN BLVD STE 200 |
| **City, State ZIP Code:** | OKLAHOMA CITY, OK 73106-5816 |

Recipient Signature

Signature of Recipient:

Address of Recipient:



Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004

**EXHIBIT "C"**

RETURN SERVICE REQUESTED
Ian's Enterprise LLC
9450 SW Gemini Dr. #39525
Beaverton OR 97008

CERTIFIED MAIL

9414 8111 0549 5828 8480 46

e- RETURN RECEIPT REQUESTED

ATTORNEY SHERRY DOYLE
c/o Linsey Prollock
Legal Aid Services of Oklahoma Inc.
2915 N CLASSEN BLVD STE 200
OKLAHOMA CITY OK 73106-5816

$8.16⁰
US POSTAGE IMI
FIRST-CLASS
FROM 73130
08/09/2025
Stamps.com

**EXHIBIT "C"**

DocuSign Envelope ID: 9FC2A11F-5805-442B-96C6-98D8EE4A1DEA

**THIS PROMISSORY NOTE** (together with any properly executed Addenda attached hereto hereinafter referred to as the "**Note**") made and entered, by and between Lynn and Co. Property Management LLC, whose address and phone is 2000 W Danforth Rd Suite 130 #128, Edmond, OK 73003 phone: (405) 486-9332 (hereinafter referred to as "**Lender**") and Aaron Prollock and Linsey Prollock whose address is 1408 Magnolia Ln, Midwest City, OK 73110 (collectively and individually, hereinafter referred to as "**Borrower**"). The names and addresses listed are valid for the purposes of receiving and reciepting notices and service of process, in addition to an official registered agent.

**WITNESSETH :** **WHEREAS, Borrower** to pay **Lender** $4,024 FOUR THOUSAND TWENTY FOUR DOLLARS AND NO CENTS as of June 30, 2017 (hereinafter referred to as the "**Principal**");

**NOW, THEREFORE**, for and in consideration of the terms, conditions, obligations, and covenants contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto hereby agree as follows:

1. **TERMS**. FOR VALUE RECEIVED, **Borrower** promises to pay **Lender** the **Principal** without interest, and with repayment commencing on July 01, 2017 in consecutive Monthly installments of $100 ONE HUNDRED DOLLARS AND NO CENTS each and continuing until July 31, 2021 with the balance then owing under this **Note** being paid at that time. Payments to be allocated to lease amounts owed by **Borrower** to **Lender** before allocating payments to this **Note**. At anytime while not in default under this **Note**, **Borrower** is permitted early pay-off of this **Note** without further bonus or penalty. **Borrower** is not permitted to assign this **Note**. The **Borrower** waives presentment for payment, notice of non-payment, protest, and notice of protest. This **Note** supersedes all prior **Note**(s) made and entered, by and between **Lender** and **Borrower** for the **Principal**.

2. **DEFAULT**. In the event **Borrower** defaults in the performance of any obligation under this **Note**, the **Lender** may declare the outstanding **Principal** and interest immediately due and payable and hold **Borrower** responsible for all the resulting collection expenses as incurred. In the event **Borrower** defaults and **Lender** accelerates this **Note**, all amounts outstanding under this **Note** will bear interest at the rate of 10 percent per annum from June 30, 2017 until paid. Default by **Borrower** under this **Note** affords **Lender** an additional right to exercise default options under any lease between **Borrower** and **Lender**.

3. **CREDIT REPORTING POLICY**. **Borrower** agrees that **Lender**, and their representatives may, for reasonable business purposes, exchange positive and negative payment history and any other pertinent information with, including by way of example but without limitation, any credit bureau, background service provider, tenant reporting agency, other landlord, collection agency, attorney, financial institution, utility company, employer, and any reference(s) listed on **Borrower's** application.

4. **ATTORNEY EXPENSES**. In any litigation, arbitration, or other proceeding by which one party either seeks to enforce its rights under this **Note** (whether in contract, tort, or both) or seeks a declaration of any rights or obligations under this **Note**, the prevailing party shall be entitled to reasonable attorneys' fees, in addition to other costs of pursuit. In no event shall any attorney fee recovery exceed $750 regardless of the amount actually expended by the prevailing party.

5. **SEVERABILITY**. If any provision of this **Note** or the application thereof shall, for any reason and to any extent, be invalid or unenforceable, then such provision or the application thereof shall be amended to reflect the parties' intent. Invalidation of any provision(s) in this **Note** by judgment or court order shall in no way affect any of the other provisions in this **Note** which shall remain in full force and effect.

6. **BINDING EFFECT/NON-WAIVER**. The terms, conditions, obligations, and covenants contained herein shall be binding on and inure to the benefit of the heirs, legal representatives, and assigns of the parties hereto. The failure by one party to require performance of any provision shall not affect that party's right to require performance at any time thereafter, nor shall a waiver of any breach or default of this **Note** constitute a waiver of any subsequent breach or default or a waiver of the provision itself.

7. **DESCRIPTIVE HEADINGS/CONSTRUCTION**. The descriptive headings used herein are for convenience of reference only and they are not intended to have any effect whatsoever in determining the terms, conditions, obligations, or covenants contained herein. Pronouns used herein shall include, where appropriate, either gender or both, singular and plural.

8. **MODIFICATION**. The parties hereby agree that this document contains the entire agreement between the parties and this **Note** shall not be modified or amended in any way except through a written amendment signed by all of the parties hereto.

**Certification of Accuracy**: The following parties have reviewed the information above and certify, to the best of their knowledge, that the information provided by the signatory is true and accurate and agree to the terms, conditions, obligations, and covenants contained herein. This **Note** is legally binding and in full effect upon signatures of **Lender** and **Borrower**.

**Borrower** Signature(s): A DocuSigned by: Aaron Prollock 2B861... B DocuSigned by: Linsey Prollock A2573... C________ D________

**Lender** Signature(s): E DocuSigned by: [signature] D110F... F________ Date Signed: 6/21/2017

**EXHIBIT "D"**

DocuSign Envelope ID: 9FC2A11F-5805-442B-96C6-98D8EE4A1DEA

**CONFIDENTIALITY AND DISPUTE RESOLUTION ADDENDUM**

**Lender:** Lynn and Co. Property Management LLC

**Borrower:** Aaron Prollock and Linsey Prollock

**Principal:** $4,024 FOUR THOUSAND TWENTY FOUR DOLLARS AND NO CENTS as of June 30, 2017

**ADDITIONAL DEFINITIONS.** [redacted]

**CONFIDENTIALITY.** [redacted]

**DISPUTE RESOLUTION.** [redacted]

**BINDING ARBITRATION.** [redacted]

**CHOICE OF COURT.** **Disputes** shall be filed and litigated or arbitrated exclusively in Oklahoma County of the State of Oklahoma. Eviction actions are not subject to **Alternative Dispute Resolution (ADR)** or **Binding Arbitration**.

**GOVERNING LAW.** This **Note** and **Disputes** shall be construed in accordance with and governed by the laws of the State of Oklahoma. This provision shall not be construed or interpreted to limit the authority of arbitrators.

This is an Addendum to the **Note** executed by **Borrower** and **Lender** for the **Principal** listed above. By signing, the parties agree and consent to amend said **Note** to include all of the provisions contained herein.

**Borrower** Signature(s): A. DocuSigned by: Aaron Prollock 2C9B199DEF034EC B. DocuSigned by: Linsey Prollock A2573D9BC89942D C.__________ D.__________

**Lender** Signature(s): E. DocuSigned by: Rockford Shunk 0110F3836479446 F.__________ Date Signed: 6/21/2017

**EXHIBIT "D"**

DocuSign SECURED

## Certificate Of Completion

| | | |
|---|---|---|
| Envelope Id: 9FC2A11F5805442B96C698D8EE4A1DEA | | Status: Completed |
| Subject: 20170609_Promissory Note - 1408 Magnolia Ln - Prollock | | |
| Source Envelope: | | |
| Document Pages: 2 | Signatures: 6 | Envelope Originator: |
| Supplemental Document Pages: 0 | Initials: 0 | Ian Rupert |
| Certificate Pages: 2 | | |
| AutoNav: Enabled | Payments: 0 | 9450 SW Gemini Dr #39525 |
| EnvelopeId Stamping: Enabled | | Beaverton, OR 97008 |
| Time Zone: (UTC-06:00) Central Time (US & Canada) | | ian@iansenterprise.com<br>IP Address: 24.253.226.168 |

## Record Tracking

| | | |
|---|---|---|
| Status: Original<br>6/9/2017 2:06:32 PM | Holder: Ian Rupert<br>ian@iansenterprise.com | Location: DocuSign |

| Signer Events | Signature | Timestamp |
|---|---|---|
| Aaron Prollock<br>boomer6283@gmail.com<br>Security Level: Email, Account Authentication (None)<br><br>**Electronic Record and Signature Disclosure:**<br>Not Offered via DocuSign | DocuSigned by:<br>Aaron Prollock<br>2E9B159DEF034EC...<br><br>Using IP Address: 107.77.200.139<br>Signed using mobile | Sent: 6/9/2017 2:07:33 PM<br>Viewed: 6/10/2017 1:44:56 PM<br>Signed: 6/10/2017 1:45:29 PM |
| Linsey Prollock<br>jdhgmommy@gmail.com<br>Security Level: Email, Account Authentication (None)<br><br>**Electronic Record and Signature Disclosure:**<br>Not Offered via DocuSign | DocuSigned by:<br>Linsey Prollock<br>A2673D980B6542D...<br><br>Using IP Address: 107.77.201.41<br>Signed using mobile | Sent: 6/9/2017 2:07:33 PM<br>Viewed: 6/21/2017 6:41:31 AM<br>Signed: 6/21/2017 7:40:48 AM |
| Rockford Steele<br>Rockford.steele@gmail.com<br>Security Level: Email, Account Authentication (None)<br><br>**Electronic Record and Signature Disclosure:**<br>Not Offered via DocuSign | DocuSigned by:<br>Rockford Steele<br>D110F393645940E...<br><br>Using IP Address: 99.126.185.219<br>Signed using mobile | Sent: 6/21/2017 7:40:49 AM<br>Viewed: 6/21/2017 7:54:10 AM<br>Signed: 6/21/2017 7:54:27 AM |

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

| Certified Delivery Events | Status | Timestamp |
|---|---|---|

| Carbon Copy Events | Status | Timestamp |
|---|---|---|

EXHIBIT "D"

| Carbon Copy Events | Status | Timestamp |
|---|---|---|
| Box<br>upload.DocuSig.zhw3uf6hbt@u.box.com<br>Security Level: Email, Account Authentication (None)<br>**Electronic Record and Signature Disclosure:**<br>Not Offered via DocuSign | COPIED | Sent: 6/21/2017 7:54:28 AM |
| WorkFlow<br>upload.WF_PA_D.n2hpotorqy@u.box.com<br>Security Level: Email, Account Authentication (None)<br>**Electronic Record and Signature Disclosure:**<br>Not Offered via DocuSign | COPIED | Sent: 6/21/2017 7:54:28 AM |
| Ian Rupert<br>ian@iansenterprise.com<br>Owner<br>Ian's Enterprise, LLC<br>Security Level: Email, Account Authentication (None)<br>**Electronic Record and Signature Disclosure:**<br>Not Offered via DocuSign | COPIED | Sent: 6/21/2017 7:54:29 AM |

| Notary Events | Signature | Timestamp |
|---|---|---|

| Envelope Summary Events | Status | Timestamps |
|---|---|---|
| Envelope Sent | Hashed/Encrypted | 6/21/2017 7:54:29 AM |
| Certified Delivered | Security Checked | 6/21/2017 7:54:29 AM |
| Signing Complete | Security Checked | 6/21/2017 7:54:29 AM |
| Completed | Security Checked | 6/21/2017 7:54:29 AM |

| Payment Events | Status | Timestamps |
|---|---|---|

EXHIBIT "D"

DocuSign Envelope ID: 8BCFF7D8-3B47-4892-9A23-A386BA612CAC

**THIS PROMISSORY NOTE** (together with any properly executed Addenda attached hereto hereinafter referred to as the "**Note**") made and entered, by and between Lynn and Co. Property Management LLC, whose address and phone is 2011 W Danforth Rd. Suite 128, Edmond, OK 73003-4685 phone: (405) 486-9332 (hereinafter referred to as "**Lender**") and Aaron Prollock and Linsey Prollock whose address is 1408 Magnolia Ln. Midwest City, OK 73110 (collectively and individually, hereinafter referred to as "**Borrower**"). The names and addresses listed are valid for the purposes of receiving and receipting notices and service of process, in addition to an official registered agent.

**WITNESSETH :** **WHEREAS, Borrower** to pay **Lender** $4,000 FOUR THOUSAND DOLLARS AND NO CENTS as of July 02, 2017 (hereinafter referred to as the "**Principal**");

**NOW, THEREFORE**, for and in consideration of the terms, conditions, obligations, and covenants contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto hereby agree as follows:

1. **TERMS**. FOR VALUE RECEIVED, **Borrower** promises to pay **Lender** the **Principal** without interest, and with repayment commencing on October 01, 2017 in consecutive Monthly installments of $75 SEVENTY FIVE DOLLARS AND NO CENTS each and continuing until September 30, 2022 with the balance then owing under this **Note** being paid at that time. Payments to be allocated to lease amounts owed by **Borrower** to **Lender** before allocating payments to this **Note**. At anytime while not in default under this **Note**, **Borrower** is permitted early pay-off of this **Note** without further bonus or penalty. **Borrower** is not permitted to assign this **Note**. The **Borrower** waives presentment for payment, notice of non-payment, protest, and notice of protest. This **Note** supersedes all prior **Note**(s) made and entered, by and between **Lender** and **Borrower** for the **Principal**.

2. **DEFAULT**. In the event **Borrower** defaults in the performance of any obligation under this **Note**, the **Lender** may declare the outstanding **Principal** and interest immediately due and payable and hold **Borrower** responsible for all the resulting collection expenses as incurred. In the event **Borrower** defaults and **Lender** accelerates this **Note**, all amounts outstanding under this **Note** will bear interest at the rate of 10 percent per annum from July 02, 2017 until paid. Default by **Borrower** under this **Note** affords **Lender** an additional right to exercise default options under any lease between **Borrower** and **Lender**.

3. **CREDIT REPORTING POLICY**. **Borrower** agrees that **Lender**, and their representatives may, for reasonable business purposes, exchange positive and negative payment history and any other pertinent information with, including by way of example but without limitation, any credit bureau, background service provider, tenant reporting agency, other landlord, collection agency, attorney, financial institution, utility company, employer, and any reference(s) listed on **Borrower**'s application.

4. **ATTORNEY EXPENSES**. In any litigation, arbitration, or other proceeding by which one party either seeks to enforce its rights under this **Note** (whether in contract, tort, or both) or seeks a declaration of any rights or obligations under this **Note**, the prevailing party shall be entitled to reasonable attorneys' fees, in addition to other costs of pursuit. In no event shall any attorney fee recovery exceed $750 regardless of the amount actually expended by the prevailing party.

5. **SEVERABILITY**. If any provision of this **Note** or the application thereof shall, for any reason and to any extent, be invalid or unenforceable, then such provision or the application thereof shall be amended to reflect the parties' intent. Invalidation of any provision(s) in this **Note** by judgment or court order shall in no way affect any of the other provisions in this **Note** which shall remain in full force and effect.

6. **BINDING EFFECT/NON-WAIVER**. The terms, conditions, obligations, and covenants contained herein shall be binding on and inure to the benefit of the heirs, legal representatives, and assigns of the parties hereto. The failure by one party to require performance of any provision shall not affect that party's right to require performance at any time thereafter, nor shall a waiver of any breach or default of this **Note** constitute a waiver of any subsequent breach or default or a waiver of the provision itself.

7. **DESCRIPTIVE HEADINGS/CONSTRUCTION**. The descriptive headings used herein are for convenience of reference only and they are not intended to have any effect whatsoever in determining the terms, conditions, obligations, or covenants contained herein. Pronouns used herein shall include, where appropriate, either gender or both, singular and plural.

8. **MODIFICATION**. The parties hereby agree that this document contains the entire agreement between the parties and this **Note** shall not be modified or amended in any way except through a written amendment signed by all of the parties hereto.

**Certification of Accuracy**: The following parties have reviewed the information above and certify, to the best of their knowledge, that the information provided by the signatory is true and accurate and agree to the terms, conditions, obligations, and covenants contained herein. This **Note** is legally binding and in full effect upon signatures of **Lender** and **Borrower**.

**Borrower** Signature(s): A DocuSigned by: Aaron Prollock B DocuSigned by: Linsey Prollock C________ D________

**Lender** Signature(s): E DocuSigned by: [signature] F________ Date Signed: 8/5/2017

**EXHIBIT "E"**

DocuSign Envelope ID: 8BCFF7D8-3B47-4892-9A23-A386BA612CAC

**CONFIDENTIALITY AND DISPUTE RESOLUTION ADDENDUM**

**Lender:** Lynn and Co. Property Management LLC

**Borrower:** Aaron Prollock and Linsey Prollock

**Principal:** $4,000 FOUR THOUSAND DOLLARS AND NO CENTS as of July 02, 2017

**ADDITIONAL DEFINITIONS.** [redacted]

**CONFIDENTIALITY.** [redacted]

**DISPUTE RESOLUTION.** [redacted]

**BINDING ARBITRATION.** [redacted]

**CHOICE OF COURT.** **Disputes** shall be filed and litigated or arbitrated exclusively in Oklahoma County of the State of Oklahoma. Eviction actions are not subject to **Alternative Dispute Resolution (ADR)** or **Binding Arbitration**.

**GOVERNING LAW.** This **Note** and **Disputes** shall be construed in accordance with and governed by the laws of the State of Oklahoma. This provision shall not be construed or interpreted to limit the authority of arbitrators.

This is an Addendum to the **Note** executed by **Borrower** and **Lender** for the **Principal** listed above. By signing, the parties agree and consent to amend said **Note** to include all of the provisions contained herein.

**Borrower** Signature(s): A Aaron Prollock (DocuSigned by: 2E9B1B8DEF0348C) B Linsey Prollock (DocuSigned by: A2573D08DB1542D) C________ D________

**Lender** Signature(s): E Rockford Sizuk (DocuSigned by: D110F3836459848E) F________ Date Signed: 8/5/2017

**EXHIBIT "E"**

DocuSign SECURED

## Certificate Of Completion

| | | |
|---|---|---|
| Envelope Id: 8BCFF7D83B4748929A23A386BA612CAC | | Status: Completed |
| Subject: 20170801_Promissory Note for Repair Balance - 1408 Magnolia Ln - Prollock | | |
| Source Envelope: | | |
| Document Pages: 2 | Signatures: 6 | Envelope Originator: |
| Supplemental Document Pages: 0 | Initials: 0 | Ian Rupert |
| Certificate Pages: 2 | | |
| AutoNav: Enabled | Payments: 0 | 9450 SW Gemini Dr #39525 |
| EnvelopeId Stamping: Enabled | | Beaverton, OR 97008 |
| Time Zone: (UTC-06:00) Central Time (US & Canada) | | ian@iansenterprise.com<br>IP Address: 24.253.226.168 |

## Record Tracking

| | | |
|---|---|---|
| Status: Original<br>8/1/2017 6:51:16 PM | Holder: Ian Rupert<br>ian@iansenterprise.com | Location: DocuSign |

| Signer Events | Signature | Timestamp |
|---|---|---|
| Aaron Prollock<br>boomer6283@gmail.com<br>Security Level: Email, Account Authentication (None) | DocuSigned by:<br>Aaron Prollock<br>2E8B159DEF034EC...<br><br>Using IP Address: 107.77.196.198<br>Signed using mobile | Sent: 8/1/2017 6:55:26 PM<br>Viewed: 8/3/2017 6:01:33 PM<br>Signed: 8/3/2017 6:01:57 PM |
| **Electronic Record and Signature Disclosure:**<br>Not Offered via DocuSign | | |
| Linsey Prollock<br>jdhgmommy@gmail.com<br>Security Level: Email, Account Authentication (None) | DocuSigned by:<br>Linsey Prollock<br>A2573D9BDB5542D...<br><br>Using IP Address: 64.134.145.120<br>Signed using mobile | Sent: 8/1/2017 6:55:26 PM<br>Resent: 8/3/2017 8:00:55 PM<br>Viewed: 8/4/2017 12:28:13 PM<br>Signed: 8/4/2017 12:28:33 PM |
| **Electronic Record and Signature Disclosure:**<br>Not Offered via DocuSign | | |
| Rockford Steele<br>Rockford.steele@gmail.com<br>Security Level: Email, Account Authentication (None) | DocuSigned by:<br>Rockford Steele<br>D110F3936459486E...<br><br>Using IP Address: 99.126.185.219 | Sent: 8/4/2017 12:28:34 PM<br>Viewed: 8/5/2017 7:44:03 AM<br>Signed: 8/5/2017 7:44:17 AM |
| **Electronic Record and Signature Disclosure:**<br>Not Offered via DocuSign | | |

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

| Certified Delivery Events | Status | Timestamp |
|---|---|---|

| Carbon Copy Events | Status | Timestamp |
|---|---|---|

**EXHIBIT "E"**

| Carbon Copy Events | Status | Timestamp |
|---|---|---|
| Box<br>upload.DocuSig.zhw3uf6hbt@u.box.com<br>Security Level: Email, Account Authentication (None)<br>**Electronic Record and Signature Disclosure:**<br>Not Offered via DocuSign | COPIED | Sent: 8/5/2017 7:44:19 AM |
| WorkFlow<br>upload.WF_PA_D.n2hpotorqy@u.box.com<br>Security Level: Email, Account Authentication (None)<br>**Electronic Record and Signature Disclosure:**<br>Not Offered via DocuSign | COPIED | Sent: 8/5/2017 7:44:19 AM |
| Ian Rupert<br>ian@iansenterprise.com<br>Owner<br>Ian's Enterprise, LLC<br>Security Level: Email, Account Authentication (None)<br>**Electronic Record and Signature Disclosure:**<br>Not Offered via DocuSign | COPIED | Sent: 8/5/2017 7:44:20 AM |
| Christopher Reser<br>reserlaw@gmail.com<br>Security Level: Email, Account Authentication (None)<br>**Electronic Record and Signature Disclosure:**<br>Not Offered via DocuSign | COPIED | Sent: 8/5/2017 7:44:20 AM |
| John Poling<br>johntpoling@gmail.com<br>Security Level: Email, Account Authentication (None)<br>**Electronic Record and Signature Disclosure:**<br>Not Offered via DocuSign | COPIED | Sent: 8/5/2017 7:44:21 AM |

| Notary Events | Signature | Timestamp |
|---|---|---|

| Envelope Summary Events | Status | Timestamps |
|---|---|---|
| Envelope Sent | Hashed/Encrypted | 8/5/2017 7:44:21 AM |
| Certified Delivered | Security Checked | 8/5/2017 7:44:21 AM |
| Signing Complete | Security Checked | 8/5/2017 7:44:21 AM |
| Completed | Security Checked | 8/5/2017 7:44:21 AM |

| Payment Events | Status | Timestamps |
|---|---|---|

**EXHIBIT "E"**

# INVOICE

**net-ARB.com**
Website: www.net-ARB.com

**Invoice No#**: 9766694-02
**Invoice Date**: Dec 23, 2025
**Reference**: 9766694
**Due Date**: Dec 23, 2025

PAID

**$0.00**

**AMOUNT DUE**

**BILL TO**
Ian@IansEnterprise.com

| # | DATE | ITEMS & DESCRIPTION | QTY/HRS | PRICE | AMOUNT($) |
|---|---|---|---|---|---|
| 1 | Dec 23, 2025 | Affidavit of Arbitration | 1 | $99.00 | $99.00 |
| 2 | | Delivery and Handling - Overnight Delivery With Tracking<br>Overnight Delivery With Tracking | 1 | $40.00 | $40.00 |

| | |
|---|---|
| Subtotal | $139.00 |
| **TOTAL** | **$139.00 USD** |
| Amount paid | $139.00 |
| **AMOUNT DUE** | **$0.00 USD** |

**EXHIBIT "F"**