**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| In re:<br>LINSEY LOUISE PROLLOCK,<br><br>Debtor. | ) | Case No. 26-11272-T<br>Chapter 7 |
| IAN'S ENTERPRISE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>LINSEY LOUISE PROLLOCK,<br><br>Defendant. | ) | Adv. No. 26-01040-T |

**DEFENDANT LINSEY LOUISE PROLLOCK'S ANSWER TO COMPLAINT**

Defendant Linsey Louise Prollock answers the Complaint filed by Plaintiff Ian's Enterprise, LLC (Doc. 1) as follows. The numbers below match the numbered paragraphs of the Complaint. Every allegation not expressly admitted is denied, including any allegation in a heading, the prayer for relief, or an exhibit. In this Answer, "Lynn & Co." means Lynn & Co. Property Management, LLC, which the Complaint calls "Lessor," and the "June 2017 Note" and the "August 2017 Note" mean the promissory notes described in Paragraphs 28 and 42 of the Complaint.

**RESPONSES TO THE NUMBERED PARAGRAPHS**

1. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1 and therefore denies them.

2. Defendant admits the allegations in Paragraph 2.

3. Defendant admits that this Court has jurisdiction over this adversary proceeding under 28 U.S.C. §§ 157 and 1334, and that this is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

4. Defendant admits that venue is proper in this District.

5. Defendant admits the allegations in Paragraph 5.

6. Paragraph 6 states Plaintiff's own consent and requires no response. Defendant's statement on consent appears below.

7. Defendant admits that in April 2016 she and Aaron Prollock, who was then her husband, applied to rent the house at 1408 Magnolia Lane in Midwest City, Oklahoma. Defendant does not recall the telephone call described in Paragraph 7, lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, and therefore denies them.

8. Defendant does not recall the telephone call described in Paragraph 8 or the words Plaintiff attributes to her, lacks knowledge or information sufficient to form a belief about the truth of those allegations, and therefore denies them. Defendant denies that any statement she made about selling the house at 1800 Hampton Drive was false when she made it.

9. Defendant admits that she sold the house at 1800 Hampton Drive in a sale that closed on December 29, 2022. Defendant lacks knowledge or information sufficient to form a belief about the report described in Paragraph 9 and therefore denies the remaining allegations.

10. Defendant denies the allegations in Paragraph 10.

11. Defendant denies the allegations in Paragraph 11.

12. Defendant denies the allegations in Paragraph 12.

13. Defendant admits that in April 2016 she and Aaron Prollock signed rental applications and a residential lease with Lynn & Co. for the house at 1408 Magnolia Ln, Midwest City, Oklahoma 73110. Defendant does not have a copy of the lease, lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 13, including the rent, deposit and term, and therefore denies them.

14. Defendant does not have a copy of the April 2016 applications, lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14, and therefore denies them.

15. Defendant does not have a copy of the April 2016 application and does not recall its exact entries. She lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15 and therefore denies them. Defendant denies that the application contained any materially false statement. Plaintiff's own allegations in Paragraph 20 show payments to U.S. Bank of $492.10 on April 5, 2016, $503.10 on March 7, 2016, and $492.10 plus $3.50 on February 10, 2016, which are consistent with the $496 monthly mortgage payment that Paragraph 15(c) says the application disclosed.

16. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16 and therefore denies them.

17. Defendant admits, on information and belief, that she and Aaron Prollock entered into a loan modification with U.S. Bank concerning the house at 1800 Hampton Drive, and that the modification was filed with the Oklahoma County Clerk on November 18, 2015. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 17 and therefore denies them.

18. Defendant denies the allegations in Paragraph 18.

19. Defendant denies that the mortgage on the house at 1800 Hampton Drive was seriously delinquent when she applied to rent the Magnolia Lane house, and denies that she had any duty to disclose the 2015 loan modification. Defendant lacks knowledge or information sufficient to form a belief about what Lynn & Co. knew and therefore denies the remaining allegations in Paragraph 19.

20. Defendant does not recall authorizing an Instant Bank Verification, lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20, and therefore denies them. Defendant states that, by Plaintiff's own account, Lynn & Co. obtained 88 days of Defendant's bank transaction history before it approved the tenancy, and that history showed a payment to U.S. Bank in each of February, March and April 2016.

21. Defendant denies the allegations in Paragraph 21.

22. Defendant denies the allegations in Paragraph 22.

23. Defendant denies the allegations in Paragraph 23.

24. Defendant denies the allegations in Paragraph 24.

25. Defendant admits that on January 25, 2017 she filed for divorce from Aaron Prollock in the District Court of Oklahoma County, Case No. FD-2017-222. Defendant denies that she had any duty to notify Lynn & Co. of the divorce case, lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 25, and therefore denies them.

26. Defendant admits that she and Aaron Prollock had separated by June 2017, and that Aaron Prollock continued to pay the rent after he moved out. Defendant lacks knowledge or information sufficient to form a belief about the telephone call described in Paragraph 26 and therefore denies the remaining allegations. Defendant states that, by Plaintiff's own account, Lynn & Co. knew of the separation no later than June 3, 2017, before either Note was signed.

27. Defendant admits that on June 5, 2017 she sent the email quoted in Paragraph 27. The email was addressed to "Ian."

28. Defendant admits that the promissory note dated June 21, 2017, in the original principal amount of $4,024, bears her electronic signature, and that the note contains the terms stated in it. Defendant denies any characterization of the note that differs from its terms. Defendant states that

the June 2017 Note was presented to her as a payment arrangement for the balance claimed on the early termination of the lease. Before Defendant signed, she received text messages from "Ian's Enterprises" stating that it would send her a letter of reference for a future landlord once the note was signed, that Aaron Prollock had already signed it, and that if it did not hear from her soon it would cancel the signature process on the note and assume no payment arrangements were being made for the balance.

29. Defendant does not recall the telephone call described in Paragraph 29, lacks knowledge or information sufficient to form a belief about the truth of the allegations about it, and therefore denies them. Defendant admits that Lynn & Co. wrote, as Plaintiff quotes its letter, that "due to financial hardship and an impending and contentious divorce, Linsey Prollock and her children are forced to terminate this lease early and relocate." Defendant denies the remaining allegations in Paragraph 29.

30. Defendant does not recall the telephone call described in Paragraph 30, lacks knowledge or information sufficient to form a belief about the truth of the allegations about it, and therefore denies them. Defendant admits that Lynn & Co.'s June 28, 2017 letter, as Plaintiff quotes it, stated that the balance owed on the tenancy was $4,024. Defendant denies the remaining allegations in Paragraph 30.

31. Defendant admits that, according to the records of the AT&T Retirement Savings Plan, she received two withdrawals from her plan account in late June 2017: a withdrawal of $513.05 ($384.44 after tax withholding) created June 26, 2017, the day before the June 27 letter described in Paragraph 29, and a withdrawal of $1,560.00 ($1,326.00 after tax withholding) created June 29, 2017. Together the two withdrawals paid Defendant $1,710.44, less than half of the $4,024 balance stated in the June 28 letter. Defendant does not have the withdrawal applications, lacks knowledge

or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 31, and therefore denies them.

32. Defendant admits that she did not pay any part of the withdrawals described in her response to Paragraph 31 to Lynn & Co. or Plaintiff. Defendant denies that she was obligated to do so and otherwise denies Plaintiff's characterization in Paragraph 32.

33. Defendant admits, on information and belief, that Lynn & Co. assigned the June 2017 Note to Plaintiff by an Assignment of Debt dated June 28, 2017, signed for Lynn & Co. by Rockford Steele and for Plaintiff by Ian Rupert. Defendant states that the assignment was signed one week after the June 2017 Note, before the first payment under that note came due on July 1, 2017. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 33 and therefore denies them.

34. Defendant lacks knowledge or information sufficient to form a belief about the inspection and estimate described in Paragraph 34 and therefore denies the allegations. Defendant denies that her tenancy caused $4,984 in damage, or any damage beyond ordinary wear and tear.

35. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35 and therefore denies them.

36. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36 and therefore denies them.

37. Defendant admits that John Poling represented her, and Christopher Reser represented Aaron Prollock, in their divorce case. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 37 and therefore denies them.

38. Defendant lacks knowledge or information sufficient to form a belief about the telephone call described in Paragraph 38 and therefore denies the allegations. Defendant states that,

by Plaintiff's own account in Paragraphs 34 through 41, the August 2017 Note came out of negotiations between Lynn & Co. and the parties' divorce attorneys, after Lynn & Co. had inspected the house, prepared its damage estimate and sent out its move-out photographs.

39. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 39 and therefore denies them.

40. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 40 and therefore denies them. Defendant incorporates the statement in her response to Paragraph 38.

41. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 41 and therefore denies them.

42. Defendant admits that the promissory note dated August 5, 2017, in the original principal amount of $4,000, bears her electronic signature, and that the note contains the terms stated in it. Defendant denies any characterization of the note that differs from its terms. Defendant states that the DocuSign certificate attached to the Complaint gives the document the subject "Promissory Note for Repair Balance," shows Ian Rupert of Plaintiff as the person who sent it for signature, and shows that copies went to both divorce attorneys. (Doc. 1 at 54 to 55.)

43. Defendant admits, on information and belief, that Lynn & Co. assigned the August 2017 Note to Plaintiff by an Assignment of Debt dated August 5, 2017, signed for Lynn & Co. by Rockford Steele and for Plaintiff by Ian Rupert. Defendant states that the assignment was signed the same day as the August 2017 Note, nearly two months before the first payment under that note came due on October 1, 2017. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 43 and therefore denies them.

44. Paragraph 44 defines a term and requires no response. In this Answer, “Notes” means the June 2017 Note and the August 2017 Note.

45. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 45 and therefore denies them.

46. Defendant admits that she has made no payments on the Notes. Defendant denies that her failure to pay shows any intent to deceive.

47. Defendant admits, on information and belief, that Aaron Prollock paid $200 on the Notes in August 2017. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 47 and therefore denies them.

48. Defendant admits that the Decree of Divorce and Dissolution of Marriage in Case No. FD-2017-222 was entered on May 10, 2018. The decree speaks for itself, and Defendant denies any characterization of it that differs from its text. Defendant lacks knowledge or information sufficient to form a belief about the “divorce attorney assurances” Plaintiff describes and therefore denies the remaining allegations in Paragraph 48.

49. Defendant admits that Aaron Prollock conveyed his interest in the house at 1800 Hampton Drive to her by quitclaim deed in 2021. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 49 and therefore denies them.

50. Defendant admits that on October 7, 2021 Plaintiff filed a petition against her and Aaron Prollock in the District Court of Oklahoma County, Case No. CJ-2021-4252, seeking $7,824 plus interest, costs and attorney fees on the Notes. Defendant states that the petition pleaded a single claim for breach of contract and did not allege fraud.

51. Defendant admits that she received the summons and petition in Case No. CJ-2021-4252 in October 2021. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 51 and therefore denies them.

52. Defendant does not recall the telephone call described in Paragraph 52, lacks knowledge or information sufficient to form a belief about the truth of the allegations about it, and therefore denies them.

53. Defendant admits that on December 10, 2021 a motion to dismiss was filed on her behalf in Case No. CJ-2021-4252, arguing that the August 2017 Note superseded the June 2017 Note. Defendant states that the August 2017 Note provides: “This Note supersedes all prior Note(s) made and entered, by and between Lender and Borrower for the Principal.” Defendant denies the remaining allegations in Paragraph 53.

54. Defendant denies the allegations in Paragraph 54. The state court granted the motion, as Paragraph 57 alleges.

55. Defendant denies the allegations in Paragraph 55.

56. Defendant denies the allegations in Paragraph 56. The state court’s docket shows that the motion was first set for hearing on February 10, 2022, that the February 10 setting was stricken, and that the motion was heard on April 21, 2022. Defendant denies that the motion was filed or set for delay.

57. Defendant admits that on April 21, 2022 the state court granted her motion to dismiss with prejudice.

58. Defendant admits that on May 19, 2022 Plaintiff filed a petition in error appealing the dismissal, Case No. SD-120433, which was assigned to the Oklahoma Court of Civil Appeals.

Defendant denies the remaining allegations in Paragraph 58 to the extent they differ from the appellate record.

59. Defendant admits that she sold the house at 1800 Hampton Drive to RSM Properties LLC for $67,000 in a sale that closed on December 29, 2022, and admits, on information and belief, that the warranty deed was recorded on January 3, 2023. Defendant denies the remaining allegations in Paragraph 59.

60. Paragraph 60 states Plaintiff's estimate of what Defendant "may have netted" from the sale, to which no response is required. To the extent a response is required, Defendant admits that she received the net proceeds shown on the settlement statement for the sale, and that she paid none of them to Plaintiff. Defendant denies the remaining allegations in Paragraph 60.

61. Defendant admits that she was not legally required to pay Plaintiff from the proceeds of the sale of the house at 1800 Hampton Drive. Defendant denies the remaining allegations in Paragraph 61.

62. Defendant admits that on January 11, 2023 the Oklahoma Court of Civil Appeals, in an unpublished opinion in Case No. 120,433, reversed the dismissal and remanded the case. A copy of the opinion is attached as Exhibit 1. The opinion addressed two questions: whether the August 2017 Note superseded the June 2017 Note, and whether the Notes were properly assigned to Plaintiff. On the first question, the court held only that supersession was not clear from the face of the Notes, stated that "the question remains open on remand," and stated that Defendant could offer evidence of that intent on remand. (Ex. 1 at 4.) The opinion made no finding of fraud. Defendant denies Plaintiff's characterization of the opinion to the extent it differs from the opinion's text.

63. Defendant admits the allegations in Paragraph 63.

64. Defendant admits that she filed her answer in Case No. CJ-2021-4252 on May 15, 2025, with the state court's leave. Defendant states that on April 16, 2025 the state court denied Plaintiff's motion for default judgment against her and gave her 30 days to respond, and she answered within that time. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 64 and therefore denies them.

65. Defendant admits that on January 15, 2025 Plaintiff filed motions for default judgment against her and against Aaron Prollock. Defendant states that the state court denied the motion as to her on April 16, 2025.

66. Defendant admits that on January 17, 2025 the state court entered a default judgment against Aaron Prollock alone. Defendant denies that the judgment against Aaron Prollock binds her or fixes any amount she owes. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 66 and therefore denies them.

67. Defendant admits that she filed her answer on May 15, 2025, after the state court granted her leave to answer out of time. Defendant denies the remaining allegations in Paragraph 67.

68. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 68 and therefore denies them.

69. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 69 and therefore denies them. Defendant denies that any arbitration proceeding determined that she committed fraud.

70. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 70 and therefore denies them. Defendant states that, by Plaintiff's own

account, Plaintiff asked the arbitrator to adopt the January 17, 2025 judgment already entered against Aaron Prollock and to make it joint and several with Defendant.

71. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 71 and therefore denies them. Defendant denies that the award establishes any fact at issue in this proceeding.

72. Defendant admits that on February 5, 2026 Plaintiff filed a motion to confirm the arbitration award in Case No. CJ-2021-4252. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 72 and therefore denies them.

73. Defendant admits that on March 17, 2026 an objection to Plaintiff's motion was filed on her behalf. Defendant denies Plaintiff's characterization of the objection to the extent it differs from the objection's text.

74. Defendant denies the allegations in Paragraph 74.

75. Defendant admits that on April 7, 2026 the state court ruled that it would grant Plaintiff's motion. Defendant denies that any order on that ruling was validly entered against her, for the reasons stated in her response to Paragraph 77, and denies the remaining allegations in Paragraph 75.

76. Defendant admits that Plaintiff filed a motion to settle journal entry on June 23, 2026. Defendant denies that she signed the journal entry, as stated in her response to Paragraph 81. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 76 and therefore denies them.

77. Defendant admits that an Order Confirming Arbitration Award and Journal Entry of Judgment was filed in Case No. CJ-2021-4252 on August 11, 2026. Defendant states that she filed

her Chapter 7 petition on July 30, 2026, that the order was entered after that date in violation of the automatic stay, 11 U.S.C. § 362(a), and that the order is void as to her. Plaintiff has since conceded the point. On November 12, 2026 it applied to the state court to vacate the order as to Defendant, stating that the judgment "is void as to her," and the state court's docket shows the order vacated as to Defendant on November 18, 2026. Defendant denies the remaining allegations in Paragraph 77.

78. Defendant admits that she filed her Chapter 7 petition on July 30, 2026, and admits that Plaintiff knew of her bankruptcy case no later than August 22, 2026, as Plaintiff alleges. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 78 and therefore denies them.

79. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 79 and therefore denies them.

80. Defendant admits that on November 12, 2026 Plaintiff filed an application in Case No. CJ-2021-4252 to vacate the August 11, 2026 order as to Defendant. Defendant states that the state court's docket shows the order vacated as to her on November 18, 2026.

81. Defendant denies that she signed the order. Defendant admits that the order bears an undated signature approving it as to form by Sherry Doyle, her counsel in the state case. Defendant lacks knowledge or information sufficient to form a belief about when the order was presented to the state court and therefore denies the remaining allegations in Paragraph 81. The automatic stay took effect when Defendant filed her petition on July 30, 2026, whether or not Plaintiff or the state court knew of the filing.

82. Paragraph 82 concerns the mailing addresses listed in Defendant's bankruptcy case, which are a matter of record. Defendant denies Plaintiff's characterization of that record to the extent it differs from the record. Defendant lacks knowledge or information sufficient to form a

belief about the addresses Plaintiff and its attorney maintain and therefore denies the remaining allegations in Paragraph 82. Defendant states that, by Plaintiff's own account in Paragraph 78, Plaintiff knew of the bankruptcy case no later than August 22, 2026, more than two months before it filed this proceeding.

83. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 83 and therefore denies them.

84. Defendant denies the allegations in Paragraph 84.

85. Defendant denies the allegations in Paragraph 85.

86. Defendant denies the allegations in Paragraph 86, including the amounts claimed.

87 through 89. Paragraphs 87, 88 and 89 state legal conclusions to which no response is required. To the extent a response is required, Defendant admits that Plaintiff has cited 11 U.S.C. §§ 523(a)(2)(A), 523(a)(2)(B) and 523(c)(1), and denies that any of them makes the Notes, or any debt arising from them, nondischargeable.

90. Defendant incorporates her responses to Paragraphs 1 through 89.

91. Defendant denies the allegations in Paragraph 91.

92. Defendant denies the allegations in Paragraph 92.

93. Defendant denies the allegations in Paragraph 93.

94. Defendant denies the allegations in Paragraph 94.

95. Defendant denies the allegations in Paragraph 95.

96. Defendant denies the allegations in Paragraph 96.

97. Defendant denies the allegations in Paragraph 97.

98. Defendant denies the allegations in Paragraph 98, including the amount claimed.

99. Defendant incorporates her responses to Paragraphs 1 through 98.

100. Defendant denies the allegations in Paragraph 100.

101. Defendant denies the allegations in Paragraph 101.

102. Defendant denies the allegations in Paragraph 102, including the amount claimed.

Defendant denies that Plaintiff is entitled to any of the relief requested in the paragraph following Paragraph 102 of the Complaint, including each of its five numbered requests.

## STATEMENT ON CONSENT TO FINAL ORDERS

Under Federal Rule of Bankruptcy Procedure 7012(b), Defendant states that she consents to the entry of final orders or judgment by the bankruptcy court in this adversary proceeding.

## DEFENSES

Defendant asserts the following defenses without assuming any burden of proof that the law places on Plaintiff.

First Defense. The Complaint fails to state a claim on which relief can be granted.

Second Defense. Most of the representations Plaintiff relies on concern Defendant's financial condition: her mortgage payment, the status of the Hampton Drive mortgage, the 2015 loan modification, the Hampton Drive house and its sale, and her bank accounts. Section 523(a)(2)(A) excludes any "statement respecting the debtor's or an insider's financial condition," so those statements, and any alleged failure to disclose information about those subjects, cannot support Plaintiff's First Cause of Action. *See Lamar, Archer & Cofrin, LLP v. Appling*, 584 U.S. 709 (2018). Section 523(a)(2)(B) reaches only the "use of a statement in writing," so any oral statement of that kind, including the April 16, 2016 telephone statements alleged in Paragraphs 7 and 8, cannot support Plaintiff's Second Cause of Action either.

Third Defense. Section 523(a)(2)(B)(iv) requires Plaintiff to prove a written statement "that the debtor caused to be made or published with intent to deceive." A statement made by Aaron Prollock, or any intent of his, does not satisfy that element as to Defendant.

Fourth Defense. Defendant made no materially false representation. Plaintiff's own allegations in Paragraph 20 are consistent with the monthly mortgage payment Plaintiff says the application disclosed.

Fifth Defense. Lynn & Co. did not actually rely, justifiably rely, or reasonably rely on any statement by Defendant. By Plaintiff's own account, Lynn & Co. obtained 88 days of Defendant's bank transaction history before it approved the tenancy, knew of the separation by June 3, 2017, and described Defendant in writing in June 2017 as facing financial hardship and an impending and contentious divorce, before it took the August 2017 Note. Lynn & Co. and Plaintiff prepared both Notes, and Plaintiff pressed Defendant to sign the June 2017 Note.

Sixth Defense. Defendant had no intent to deceive Lynn & Co. or Plaintiff. Failure to pay a debt, without more, is not fraud.

Seventh Defense. The debts Plaintiff seeks to except from discharge are the Notes. The June 2017 Note restructured the balance Lynn & Co. claimed when the lease ended early, and the August 2017 Note restructured a repair balance negotiated through the parties' divorce attorneys. Neither Note, and no money, property, services or credit, was obtained by the April 2016 applications or by any other false statement. By Plaintiff's own account, the tenancy lasted more than a year, Aaron Prollock kept paying the rent after he moved out, and the lease ended early because of the parties' divorce and financial hardship, as Lynn & Co. itself wrote in June 2017.

Eighth Defense. Plaintiff has not shown the amount of any debt arising from fraud. Plaintiff's own arbitration award puts the unpaid principal on the Notes at $7,824. (Doc. 1 at 41,

43.) The $20,061.70 Plaintiff now claims equals the award's $19,922.70 total, which adds interest, attorney fees, collection costs and the arbitration filing fee to that principal, plus a $139 arbitration affidavit fee. (Doc. 1 at 21, 43.) Plaintiff claims interest from January 17, 2025, the date of the default judgment against Aaron Prollock alone, and its claimed damages rest on a post-petition order that Plaintiff itself has conceded is void as to Defendant. Any recovery of attorney fees under the Notes is limited by their terms: "In no event shall any attorney fee recovery exceed $750 regardless of the amount actually expended by the prevailing party."

Ninth Defense. The Order Confirming Arbitration Award and Journal Entry of Judgment filed August 11, 2026 in Case No. CJ-2021-4252 was entered after Defendant filed her petition on July 30, 2026, in violation of 11 U.S.C. § 362(a). It is void as to Defendant and has no effect, preclusive or otherwise. *See Ellis v. Consolidated Diesel Electric Corp.*, 894 F.2d 371 (10th Cir. 1990). Plaintiff alleges that it knew of Defendant's bankruptcy case no later than August 22, 2026. It did not apply to vacate the order until November 12, 2026, 82 days later, and in the meantime filed this proceeding asking this Court to confirm the same arbitration award. Plaintiff's November 12, 2026 application concedes that the order is void as to Defendant, and the state court's docket shows the order vacated as to Defendant on November 18, 2026.

Tenth Defense. The arbitration award Plaintiff asks this Court to confirm was entered without Defendant's participation and, by Plaintiff's own account, adopted a judgment entered against another party. The arbitrator found only "a breach of contract by Respondent on both Notes." (Doc. 1 at 42.) The award decided no issue of fraud and has no preclusive effect on any issue in this proceeding. Plaintiff also waived any right to arbitrate. It sued on the Notes in state court in October 2021 and litigated there for more than three and a half years, through an appeal and a motion for default judgment against Defendant. It sent its arbitration demand on June 9, 2025,

only after the state court had denied that motion and Defendant had answered. (Doc. 1 at 41.) Defendant objects to Plaintiff's request that this Court confirm the award.

Eleventh Defense. Defendant received her discharge on November 3, 2026. (Case No. 26-11272-T, Doc. 17.) Under 11 U.S.C. § 523(c)(1), the Notes are discharged unless Plaintiff proves that they are excepted from discharge. If the Notes are discharged, 11 U.S.C. § 524(a)(2) bars the confirmation Plaintiff requests, which would be an action to collect them as Defendant's personal liability, and 11 U.S.C. § 524(a)(1) voids any judgment on them to the extent it determines her personal liability.

Defendant reserves the right to amend this Answer to assert additional defenses and claims, including her claim under 11 U.S.C. § 362(k) arising from the entry of the August 11, 2026 order in Case No. CJ-2021-4252.

## REQUEST FOR ATTORNEY'S FEES AND COSTS

The Notes are consumer debts, incurred by Defendant and her then-husband for their family's residence. If the Court determines that the Notes are discharged, Defendant requests judgment for her costs and a reasonable attorney's fee under 11 U.S.C. § 523(d), because Plaintiff's position is not substantially justified. From 2021 until it filed this proceeding, Plaintiff pursued the Notes as a contract debt: its 2021 petition pleaded a single claim for breach of contract, and the arbitration award it obtained found only a breach of contract. Plaintiff now alleges fraud, resting chiefly on statements about Defendant's financial condition, some of them oral, made to a landlord that, by Plaintiff's own account, had 88 days of her bank history before it approved the tenancy and knew of her separation before either Note was signed. Plaintiff seeks $20,061.70 on Notes whose unpaid principal its own arbitration award puts at $7,824, and asks this Court to confirm an award whose state court confirmation Plaintiff has conceded is void as to Defendant.

Defendant also requests her attorney fees and costs under the Notes, which provide that "the prevailing party shall be entitled to reasonable attorneys' fees, in addition to other costs of pursuit."

## PRAYER FOR RELIEF

Defendant Linsey Louise Prollock asks the Court to enter judgment in her favor on both causes of action; to determine that the Notes, and any debt arising from them, are discharged; to deny Plaintiff's request to confirm the arbitration award; to award Defendant her costs and a reasonable attorney's fee under 11 U.S.C. § 523(d) and the Notes; and to grant any other relief the Court finds just.

Respectfully submitted,

/s/ D. Mitchell Garrett Jr.
D. Mitchell Garrett Jr., OBA #20704
GARRETT LAW
320 South Boston Avenue, Suite 825
Tulsa, Oklahoma 74103
Telephone: (918) 221-6190
Email: mitchell@garrettlawcenter.com
Attorney for Defendant
Linsey Louise Prollock

## CERTIFICATE OF SERVICE

I certify that on November 25, 2026, I electronically filed this Answer and Exhibit 1 with the Clerk of the Court using the CM/ECF system, which will send notice of the filing to Amanda R. Blackwood, amanda@blackwoodlawfirm.com, attorney for Plaintiff.

/s/ D. Mitchell Garrett Jr.
D. Mitchell Garrett Jr.