# EXHIBIT 1

*1054115997*

ORIGINAL

NOT FOR OFFICIAL PUBLICATION

IN THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA

DIVISION II

FILED
COURT OF CIVIL APPEALS
STATE OF OKLAHOMA

JAN 11 2023

JOHN D. HADDEN
CLERK

IAN'S ENTERPRISE, LLC, an Oklahoma Limited Liability Company,

Plaintiff/Appellant,

vs.

LINSEY PROLLOCK,

Defendant/Appellee,

and

AARON PROLLOCK,

Defendant.

Case No. 120,433

Rec'd (date) 1-11-23
Posted
Mailed
Distrib
Publish ____ yes X no

APPEAL FROM THE DISTRICT COURT OF
OKLAHOMA COUNTY, OKLAHOMA

HONORABLE BRENT DISHMAN, TRIAL JUDGE

**REVERSED AND REMANDED**

Amanda R. Blackwood
BLACKWOOD LAW FIRM, PLLC
Oklahoma City, Oklahoma — For Plaintiff/Appellant

Sherry Doyle
LEGAL AID SERVICES
OF OKLAHOMA, INC.
Oklahoma City, Oklahoma — For Defendant/Appellee Linsey Prollock

OPINION BY GREGORY C. BLACKWELL, JUDGE:

Ian's Enterprise, LLC, appeals the district court's order dismissing its suit against Linsey and Aaron Prollock with prejudice. The petition alleged that the

Prollocks defaulted on two promissory notes entered in favor of Ian's Enterprise's predecessor. Dismissal appears to have been based on some combination of Linsey Prollock's argument in her motion to dismiss that one of the promissory notes superseded the other and that the remaining note was not properly assigned to the plaintiff. On review, we find that both grounds offered in Linsey's motion to dismiss were flawed. We therefore reverse the order dismissing the case and remand for further proceedings.

## BACKGROUND

This appeal involves two promissory notes originally executed by and between the Prollocks and Lynn and Co. Property Management, LLC. In the first note, signed on June 21, 2017, the Prollocks agreed to pay Lynn and Co. an amount of $4,024, at a rate of $100 per month, until July 31, 2021.[1] The second note, signed on August 5, 2017, was for $4,000 with payments at $75 per month until September 30, 2022.[2] Each note was purportedly assigned to Ian's Enterprise, LLC, through written assignments that were executed on June 28, 2017 (for the June note) and August 5, 2017 (for the August note).

Ian's Enterprise brought suit in October 2021, claiming the Prollocks had defaulted on both notes. The petition alleged that the Prollocks had made two payments on the first note and no payments on the second note. Two months

---

[1] According to the petition in error, this note was for back rent and fees owed for the early termination of a lease for a property the Prollocks rented from Lynn and Co.

[2] Also according to the petition in error, the second note was made to cover damages to the same rental property.

later, Linsey[3] filed a motion to dismiss the action. She argued that the August note superseded the June note, making the June note unenforceable. She also claimed that the assignment of the August note was invalid, and thus, Ian's Enterprise had no standing to enforce it. Ian's Enterprise responded, and the matter was heard in April 2022. The court sustained the motion and dismissed the case with prejudice. Ian's Enterprise appeals.

## STANDARD OF REVIEW

A trial court's dismissal of an action for failure to state a claim upon which relief can be granted is reviewed *de novo*. *Indiana Nat'l Bank v. Dep't of Human Servs.*, 1994 OK 98, ¶ 2, 880 P.2d 371, 375. In ruling on a motion to dismiss, the court must take as true all allegations in the petition and attached exhibits, together with all reasonable inferences. *Id.* ¶ 3. A petition should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Id.* The burden of showing legal insufficiency of the petition is on the party moving to dismiss. *Id.*

## ANALYSIS

This appeal presents two questions. The first is whether the August note superseded the June note, and the second is whether the notes were properly

---

[3] This motion was made by Linsey alone. Aaron did not appear below, did not join Linsey's motion to dismiss or file his own, and has not appeared in this appeal. As such, the trial court exceeded its authority in granting relief to Aaron by dismissing *the case*, with prejudice, relief which Aaron had not sought or argued for. Aaron appears, in fact, to be in default.

We note that Sherry Doyle entered her appearance below for Linsey alone and filed a response to the petition in error on behalf of a singular, unnamed "appellee," which we presume to be Linsey. The caption has been modified accordingly.

assigned to Ian's Enterprise such that Ian's Enterprise has standing to enforce the notes. We address both questions in turn.

*Superseding Note*

Linsey claims that the promissory note signed in August superseded and made ineffective the promissory note signed in June. The August note states: "This Note supersedes all prior Note(s) made and entered, by and between Lender and Borrower *for the Principal*." Tab 1, *Petition*, Exhibit A (emphasis supplied). "Principal" is defined in the August note as "$4,000 ... as of July 02, 2017." In the June note (which contains identical language), "Principal" is defined as "$4,024 ... as of June 30, 2017." Further, both notes state: "Payments to be allocated to lease amounts owed by Borrow to Lender before allocating payments to this Note."

To the extent the trial court found dismissal appropriate on this basis, even as to the June note alone, we disagree. It is not at all clear from the face of notes that the August note was intended to supersede the June note. To the contrary, based solely on the face of the notes themselves, that does not appear to be the case, as each references a different principal amount and neither states that it supersedes any other specifically identified note. While we disagree that dismissal was appropriate on this basis, the question remains open on remand. If Linsey has admissible[4] evidence that such was the intent of the August note, she can offer it in the proceedings on remand.

---

[4] We do not decide here whether the parol evidence rule would bar such evidence. Such a decision must first be made by the trial court.

*Assignments of Debt*

We next address whether the notes were properly assigned to Ian's Enterprise.[5] Linsey first argues that the assignments were not executed by Lynn and Co. Property Management but rather were "self-assigned" by Ian's Enterprise. *Response to Petition in Error*, Exhibit B. If the assignment was signed by Ian's Enterprise alone, we would agree. However, the assignments themselves were each signed by Rockford Steele for Lynn and Co. Property Management LLC. The signature appears to be that of "Rockford Steele," the same person who signed for Lynn and Co. on the promissory notes. Thus, any argument that these notes were "self-assigned" by Ian's Enterprise could not have been the basis for dismissal.

In the alternative, Linsey argues that the notes were not properly "negotiated" to Ian's Enterprise as required by Article Three of the UCC. It is well established that promissory notes are negotiable instruments subject to the provisions of Article Three. *Wells Fargo Bank, N.A. v. Heath*, 2012 OK 54, ¶ 12, 280 P.3d 328, 334. Linsey argues that Ian's Enterprise has no authority to enforce the notes because they were not negotiated through a proper indorsement from Lynn and Co.

Linsey's reading of Article Three is correct as far as it goes. That is, because there is no indorsment on the notes themselves, they were never "negotiated."

---

[5] Linsey argues only that the August note is unenforceable due to improper assignment, but we will analyze the validity of each assignment notwithstanding whether the June note was superseded, which, as addressed above, does not appear to be the case.

12A O.S. § 3-201 ("[I]f an instrument is payable to an identified person, negotiation requires transfer of possession of the instrument *and* its indorsement by the holder ....") (emphasis added); *id.* at § 3-204 ("'Indorsement' means a signature ... made *on an instrument* ....") (emphasis added).

However, negotiation is not the only path to enforceability under Article Three. To enforce a negotiable instrument one can either be, as relevant here, a holder of the instrument *or* a non-holder in possession of the instrument with rights of a holder. 12A O.S. § 3-301. Ian's Enterprise claimed possession of the promissory notes, so the question is whether Ian's Enterprise had the rights of a holder to enforce. Section 3-203(b) states that "[t]ransfer of an instrument, *whether or not the transfer is a negotiation*, vests in the transferee any right of the transferor to enforce the instrument." 12A O.S. § 3-203(b) (emphasis added). When Lynn and Co. assigned the notes to Ian's Enterprise, this transfer vested in Ian's Enterprise the right of Lynn and Co.—as holder of the instruments—to enforce the notes. Section 3-203(b) makes clear that negotiation is not a necessary part of this process.

**CONCLUSION**

The trial court provided no basis for its order dismissing this case with prejudice.[6] Upon *de novo* review, we find each of Linsey Prollock's arguments in

---

[6] This dismissal *with* prejudice, without explanation, violates 12 O.S. § 2012(G) and is also reversible on that ground alone. *Fanning v. Brown*, 2004 OK 7, ¶ 23, 85 P.3d 841, 848; *Stauff v. Bartnick*, 2016 OK CIV APP 76, ¶ 40, 387 P.3d 356, 366 ("The order on appeal neither allows for amendment nor contains a statement indicating amendment would not cure the defects, and thus fails to comply with § 2012(G).").

favor of dismissal to be unconvincing. Accordingly, we reverse the order granting dismissal and remand for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**

WISEMAN, P.J., and FISCHER, C.J. (sitting by designation), concur.

January 11, 2023